# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

JOHN DOE,                                    :
                                             :
       Plaintiff,                   :
                                             :
       v.                           :    CIVIL ACTION NO.
                                             :    1:07-CV-2764-RWS
OFFICER WOOTEN, in his                       :
individual capacity, WARDEN R.               :
WILEY, in his individual and                 :
official capacities, RICK                    :
STOVER, in his individual and                :
official capacities, and FEDERAL             :
BUREAU OF PRISON                             :
DIRECTOR HARLEY LAPPIN,                      :
in his official capacity,                    :
                                             :
       Defendant.                   :

## **ORDER**

This case comes before the Court on Plaintiff's Motion for a Preliminary

Injunction [2] and Defendant Wiley's Motion to Dismiss Claims and Protective

Motion for More Definite Statement and For Extension of Time to Raise

Additional Rule 12 Defenses [36]. After conducting a hearing and reviewing

the entire record, the Court enters the following Order.

## Background

Plaintiff John Doe, through his attorneys, initiated this action seeking legal, equitable, and declaratory remedies for past and ongoing violations of his Eighth Amendment rights under the United States Constitution. (Pl. Complaint [1] at 1.) Plaintiff's complaint alleges causes of action against Defendant Officer Wooten in his individual capacity, Defendant Warden Ron Wiley in his individual capacity and official capacity as the warden of United States Penitentiary ("USP") Atlanta, Defendant Rick Stover in his individual capacity and his official capacity as a Bureau of Prisons ("BOP") Senior Designator, and Defendant Harley Lappin in his official capacity as Director of the BOP. (Id. at 2-3.)

## Discussion

**I.     Plaintiff's Motion for Preliminary Injunction**

In his Motion for a Preliminary Injunction, pursuant to Federal Rule of Civil Procedure 65, Plaintiff John Doe "seeks a preliminary injunction ordering Defendants Lappin and Stover in their official capacities (1) to place Mr. Doe in a safe and appropriate facility, such as any medium-security BOP facility . . . or

2

a state facility; and (2) not to place Mr. Doe in or transport him through the BOP facility in Atlanta." (Dkt. No. [53] at 2.)

It is settled law in this Circuit that a preliminary injunction is an "extraordinary and drastic remedy." Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985). To obtain such relief, a movant must demonstrate:

> (1) a substantial likelihood of success on the merits of the underlying case, (2) . . . irreparable harm in the absence of an injunction, (3) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction issued, and (4) an injunction would not disserve the public interest.

Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc., 299 F.3d 1242, 1246-47 (11th Cir. 2002).

The Defendants argue that Plaintiff has failed to show either a substantial likelihood of success on the merits or irreparable harm, and is, therefore, not entitled to a preliminary injunction. (Dkt. No. [65] at 4.)

A.    Substantial Likelihood of Success

Plaintiff alleges that he has a substantial likelihood of success in establishing a violation of his Eighth Amendment rights. (Dkt. No. [2] at 13.) In order to succeed in a cause of action for such a constitutional violation, the

3

Plaintiff must demonstrate, "(1) a substantial risk of serious harm; (2) the

defendant's deliberate indifference to that risk; and (3) causation." Hale v.

Tallapoosa County, 50 F. 3d 1579, 1582 (11th Cir. 1995). The Plaintiff asserts

that as a result of his cooperation in the investigation of a BOP officer, he has

been labeled a "snitch" and therefore faces a substantial risk of harm from other

prison inmates. (Dkt. No. [2] at 14.) Plaintiff asserts that due to his numerous

complaints and his BOP file, Defendants Stover and Lappin had knowledge of

this specific risk to Plaintiff and exhibited deliberate indifference to his safety

by failing to provide him with reasonable protection through a prison transfer.

(Id. at 19.) Finally, Plaintiff states that Defendants Stover and Lappin directly

violated his Eighth Amendment rights by transporting him through USP Atlanta

and failing to take reasonable steps to protect him. (Id. at 22.)

Plaintiff's preliminary injunction seeks relief against Defendants Stover

and Lappin in their official capacities under the BOP. (Dkt. No. [53] at 2.)

Plaintiff assets that Defendants Stover and Lappin, in their official duties,

maintained a custom of failing to protect the Plaintiff from threat of harm. (Dkt.

No. [2] at 25.) Specifically, Plaintiff asserts that, "Defendants' (1) repeated

transfers of [Plaintiff] to or through USP Atanta and (2) ongoing failure to

4

protect him from retribution from his cooperation in the investigation of a BOP

officer reflect a practice or custom that is so pervasive as to be functionally

equivalent of a policy adopted by the BOP." (Id.)

In opposition to Plaintiff's motion, Defendants raise a number of issues

that are also included in their pending Motion to Dismiss or, Alternatively, for

Summary Judgment (Dkt. No. [56]). Defendants argue that Plaintiff has not

established the Court's jurisdictional basis for enjoining Defendants in their

official capacities that is not barred by sovereign immunity and that Plaintiff

has failed to exhaust administrative remedies. (Dkt. No. [65] at 12-17.)

Defendants' motion is not yet fully briefed, but these issues raise significant

questions about the likelihood of success by Plaintiff. Thus, the Court

concludes that Plaintiff has failed to demonstrate a substantial likelihood of

success on the merits of his case.

### B.    Irreparable Harm

Plaintiff argues that he faces irreparable injuries in the form of an

imminent threat of severe physical harm or possible death and a continued

violation of his Eight Amendment rights (Dkt. No. [2] at 29.) Plaintiff alleges

that his cooperation with federal investigators has caused him to be labeled a

5

"snitch" and jeopardized his safety in a high-security BOP. (Id.) Plaintiff states that he has been assaulted three times by both inmates and a BOP officer as a direct result of this cooperation. (Id.) For reasons identified in his Letter to the Court dated August 29, 2008, including the difference in populations, culture of medium-security facilities, and deterrent effect of being sent to a high-security facility, Plaintiff asserts that his placement in a medium security prison would remedy this imminent threat. (Pl. Letter to Court, Dkt. No. [60] at 10.) Further, Plaintiff alleges that his Eighth Amendment rights are in imminent threat of violation without the Court's intervention in the form of a preliminary injunction. Plaintiff states that Defendants' failure to protect him from danger constitutes irreparable harm that can be rectified by the Court's issuance of a preliminary injunction. (Dkt. No. [2] at 29.)

Defendants assert that Plaintiff has failed to demonstrate an imminent threat in either of his two claims of relief. [65.] First, pursuant to Plaintiff's request for placement in a medium-security or state facility, Defendants state that Plaintiff "relies on past injuries, rather than any imminent risk of future harm to support his injunctive relief request." (Dkt. No. [65] at 6.) Defendants point to Plaintiff's testimony at the Hearing on his Motion for Preliminary

6

Injunction, where he stated that has not been threatened at his current location

of USP Lewisburg (a high-security facility), is housed in general population,

and is working at a UNICOR job. (Dkt. No. [65] at 4.)  Second, Defendants

argue that Plaintiff's injunctive relief prohibiting the BOP from transferring the

Plaintiff permanently or temporarily to USP Atlanta is not imminent. (Id. at 5.)

The Defendants assert that there is no evidence that the Plaintiff has been

scheduled for a transfer to USP Atlanta, nor would such a transfer be

appropriate since USP Atlanta has been redesignated as a medium-security

facility which would not accommodate the Plaintiff's high-security designation.

(Id.)  Further, Defendants state that prison transportation is within the

jurisdiction of the United States Marshals Service, though its Justice Prisoner

and Alien Transportation System ("JPATS"). (Id.)  Therefore, any transfer

requests or limitations would be processed through JPATS and not the BOP.

(Id.)

     In light of the evidence presented above, the Court finds that Plaintiff has

failed to demonstrate an imminent threat of harm in his current designation and

housing that would necessitate a preliminary injunction.  Plaintiff has not been

threatened in his current incarceration at USP Lewisburg and has remained in

7

AO 72A
(Rev.8/82)

general population.  Further, the absence of a scheduled transfer and the

redesignation of USP Atlanta removes the threat that Plaintiff would be

temporarily placed in any danger posed by the housing facility of USP Atlanta.

For the foregoing reasons, the Court finds that Plaintiff has not shown a

substantial likelihood of success on the merits nor irreparable harm sufficient to

warrant a preliminary injunction.  Therefore, Plaintiff's Motion for a

Preliminary Injunction [2] is **DENIED**.

**II.    Defendant Wiley's Motion to Dismiss Claims and Protective Motion**

**for More Definite Statement and For Extension of Time to Raise**

**Additional Rule 12 Defenses**

Defendant Ron Wiley is a named party in the action in his official and

individual capacities. ("Pl. Complaint" Dkt. No. [1] at 3.)  Plaintiff does not

oppose the dismissal of the action based upon Defendant Wiley's official

capacity, (Dkt. No. [66] at 10.)  However, Defendant Wiley moved to dismiss

Plaintiff's individual capacity, as well as official capacity, claims on the

grounds of insufficient service of process and lack of personal jurisdiction.

(Dkt. No. [36] at 1.)  After a review of the record, the Court finds no indication

that Defendant Wiley has received service of process, nor that Plaintiff has

8

attempted to serve Defendant Wiley in his individual capacity. Plaintiff has not met his burden of demonstrating that Defendant Wiley has been sufficiently served as required by Federal Rule of Civil Procedure 4(i)(3).[1] Therefore, the action against Defendant Wiley in both his individual and official capacities is **DISMISSED**. Defendant Wiley's Motion to Dismiss Claims [36-1] is **GRANTED**, and Defendant Wiley's Protective Motion for More Definite Statement and For Extension of Time to Raise Additional Rule 12 Defenses [36-2 & 3] is **DENIED, as moot**.

## Conclusion

Based on the foregoing, Plaintiff's Motion for a Preliminary Injunction [2] is **DENIED**, Defendant Wiley's Motion to Dismiss Claims is **GRANTED**, and Defendant Wiley's Protective Motion for More Definite Statement and For Extension of Time to Raise Additional Rule 12 Defenses [36-2 & 3] is **DENIED, as moot**.

---

[1]Stating that, "[t]o serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

9

**SO ORDERED** this <u>29th</u> day of September, 2008.

_Richard W. Story_

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE