FILED IN CHAMBERS
U.S.D.C  Atlanta

NOV 0 6 2008

JAMES N. HATTEN, Clerk
By. _____ Deputy Clerk



IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

JOHN DOE,                          : CIVIL ACTION
                                   :
          Plaintiff,               : NO. 1:07-CV-2764-RWS
                                   :
     v.                            :
                                   :
OFFICER   WOOTEN,   in   his       :
individual capacity; et al.,       :
                                   :
          Defendants.              :

## [PROPOSED] PROTECTIVE ORDER FOR BUREAU OF PRISONS RECORDS

Attorneys for plaintiff, known as "John Doe" for purposes of this litigation (hereinafter referred to as "plaintiff" or "Plaintiff Doe"), have requested documents from the official capacity Defendants -- effectively requesting documents from the U.S. Bureau of Prisons ("BOP") -- relative to the subject matter of this litigation. The request for documents that created a need for this Order sought documents from the Inmate Central File for Plaintiff Doe. The Inmate Central File contains documents that may not be released to a prisoner, and prisoners may not possess copies of such documents because possession of those documents by a prisoner would pose significant security and safety concerns. Plaintiff has also requested documents concerning the plaintiff that, if they exist, would be contained in other systems of records maintained by the BOP, and such documents may present the same concerns as the documents from Plaintiff's Inmate Central File. Therefore, this Order shall apply to any documents from plaintiff's Inmate Central File or any other BOP files produced to plaintiff in

this action that the BOP in good faith designates and labels as "LOU" - for Limited Official Use -- "Confidential." This Order shall also apply to all information derived from such documents that are designated "LOU Confidential" pursuant to this Order.

Incident to litigation involving a prisoner, the BOP may release LOU Confidential records to the prisoner's attorney subject to prohibitions against providing the prisoner copies of the documents and against further dissemination of the documents. Upon entry of this protective order, the BOP may release to plaintiff's attorneys in this case LOU Confidential documents from plaintiff's Inmate Central File or any other BOP files that are responsive to plaintiff's discovery requests, provided that no other objections not addressed by this protective order have been raised by the defendants.

The Court finds that there is good cause for a Protective Order for Bureau of Prisons Records in this case pursuant to 28 C.F.R. §§ 16-21, *et seq.*, to maintain control over release of agency documents, and the Privacy Act, 5 U.S.C. § 552(a), to safeguard information which generally cannot be released without the written consent of the individual to whom the records pertain, and to limit disclosure of documents the BOP has determined would pose significant security and safety concerns if possessed by an inmate.

Accordingly, it is hereby ORDERED that as a condition of the BOP's production to attorneys for Plaintiff Doe of LOU Confidential information, attorneys for Plaintiff Doe shall comply with the terms

- 2 -

of this Protective Order.  To protect any documents and information disclosed to the plaintiff's counsel by the defendants that the BOP designates LOU Confidential, it is hereby ORDERED that:

1.   The BOP shall mark "LOU" and "Confidential" all documents produced subject to this Order.  Additionally, the documents may be redacted of any information which would jeopardize prison security, the safety of any person, or the orderly operation of an institution or the Bureau of Prisons before production to plaintiff's counsel. Redactions may include, but are not limited to, any information identifying inmates other than Plaintiff Doe and any information which has the potential to jeopardize prison security or a person's safety.

2.   Any LOU Confidential documents produced to plaintiff's attorneys shall be viewed only by plaintiff's attorneys of record. Any copies of the records produced to plaintiff's attorneys shall not be viewed by the plaintiff or other inmates, shall not be discussed with any inmates other than the plaintiff, and shall be discussed with plaintiff only to the extent necessary to prosecution of his claims.

3.   Plaintiff's attorneys shall not make any further disclosure of the LOU Confidential records or information within those records, except to non-inmates who reasonablely need to review the documents or discuss the information in order to assist with the litigation of this case.

4.    In the event that plaintiff's attorneys prepare or authorize preparation of any working notes or other documents containing information derived from LOU Confidential documents ("derivative documents"), or make or authorize the making of any copies of documents the BOP designates LOU Confidential or of derivative documents, plaintiff's attorneys shall insure that all such derivative documents and copies of derivative documents or LOU Confidential documents produced by the BOP are also clearly marked "LOU Confidential." All such copies and derivative documents shall be subject to this protective order to the same extent as the LOU Confidential documents produced by the BOP.

5.    Plaintiff's attorneys, prior to disclosure of records or information subject to this Order to persons not a party to this litigation and not counsel to a party,  shall insure that each and every person to whom disclosure is made has read, understood, and agreed in writing to be bound by the terms of this Order.

6.    No person to whom a disclosure is made by plaintiff's attorneys, as provided by paragraphs 1 through 5, above, shall make any further disclosure of documents or information covered by this Order except as provided by the terms of this Order.

7.    The LOU Confidential documents and information disclosed to plaintiff's attorneys, including copies made or authorized to be made by plaintiff's attorneys, or disclosed by plaintiff's attorneys to any other person pursuant to this Order, shall be used only for purposes of this litigation.   Upon conclusion of this action

(including appeals) all documents, including copies, subject to this order shall within a reasonable period of time either be returned to counsel for the defendants or destroyed; and counsel for the plaintiff shall file a declaration certifying the destruction or return to counsel for the defendants of all such documents.

8.   Upon the conclusion of this case, including appeals, counsel for the plaintiff shall destroy any working notes or other derivative documents, including all copies of such derivative documents, whether generated by plaintiff's attorneys or support staff or any other person to whom plaintiff's attorneys disclosed LOU Confidential information pursuant to this Order.  Counsel for the plaintiff shall file a declaration certifying the destruction of such notes and other derivative documents when they have been destroyed.

9.   Additionally, upon the conclusion of this case, including appeals, counsel for the plaintiff shall obtain from any other person to whom plaintiff's counsel disclosed LOU Confidential documents or information contained therein, any copies of the LOU Confidential records supplied to such person and any working notes or other documents possessed by such person which contain information derived from the LOU Confidential records.  Counsel for the plaintiff shall dispose of such LOU Confidential information from others in the manner provided above in paragraphs 7 and 8, and the declaration required by paragraphs 7 and 8 shall certifying disposal of the notes and other documents covered by this paragraph.

10.   The certifications required by paragraphs 7, 8, and 9, may be made separately or in a single declaration.

11.   Nothing in this Order shall be construed to require the defendants to produce any BOP documents requested by plaintiff where other objections not addressed by this protective order are raised by the defendants.

12.   Nothing in this Order constitutes any decision by the Court concerning discovery disputes or the liability for payment of any costs of production of documents.   This Order does not constitute a waiver of any party's right to object to discovery or admission into evidence of any information, document, or record covered by this Order.

13.   Nothing in this Order shall be construed to limit plaintiff from challenging the designation of any document as "LOU Confidential" by proper motion, provided, however, that documents for which such designation is challenged shall be submitted to the court under seal.

**SO ORDERED AND ADJUDGED**, on this *6th* day of *November*, 2008.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

- 6 -

# APPENDIX  A


# ACKNOWLEDGMENT OF PROTECTIVE ORDER

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOHN DOE,                          : CIVIL ACTION
                                   :
          Plaintiff,               : NO. 1:07-CV-2764-RWS
                                   :
     v.                            :
                                   :
OFFICER    WOOTEN,    in    his    :
individual capacity; et al.,       :
                                   :
          Defendants.              :

## AGREEMENT TO BE BOUND BY
## PROTECTIVE ORDER FOR BUREAU OF PRISONS RECORDS

I, _____, hereby acknowledge that I
have read and understand the Protective Order for Bureau of Prisons
Records ("Protective Order") entered in the above-captioned action
and I agree to be bound by its terms.

1.    I understand that the records, information, and documents
provided to me, (hereafter, the "Protected Information"), are not
matters of public record.  I understand that I may not release, use,
or otherwise publicly disclose the Protected Information unless I am
ordered to do so by a Court of competent jurisdiction.

2.    I  agree  that  I  will  use  the  Protected  Information
protected  by  the  Protective  Order  only  for  purposes  of  this
litigation, including any appeals, and not for any other purpose of
any kind.

3.    I agree not to discuss or reveal the Protected Information
covered by the Protective Order to anyone other than (a) counsel for
the parties to this litigation; (b) persons regularly in the employ

of such attorneys; and (c) only by direction of counsel for plaintiff, others to whom disclosure is permitted by the Protective Order who have signed an Agreement to Be Bound by Protective Order for Bureau of Prisons Records similar to this one, thereby agreeing to be bound by the Protective Order entered in this civil action.

4.    I further agree to return all Protected Information, and any copies thereof, to the counsel for plaintiff immediately upon completion of my use of such information for the purposes of this litigation.

5.    I further agree to deliver to counsel for plaintiff all summaries, extractions, or other documents making use of Protected Information (derivative documents) that are created by or for me, or provided to me, immediately upon completion of my use of such derivative documents for the purposes of this litigation.

6.    I further agree that, immediately upon completion of my use of Protected Information, including derivative documents, for the purposes of this litigation, I shall erase by a method that renders unrecoverable all images of Protected Information, including derivative documents, in my possession that are maintained by audio or video recordings, or by recording to computer tapes, disks, and other electronic or mechanical media however produced or reproduced.

7.    I hereby confirm that my duties under the Protective Order shall survive the termination of this case and are binding upon me for all time.

- 2 -

8.    I   understand   that   the   Court   may   punish   me   for   any
violation  of  this  Agreement  to  Be  Bound  by  Protective  Order  for
Bureau of Prisons Records.

Dated: _____          _____
                                 (Signature)

                                 _____
                                 (Printed Name)

                                 _____
                                 (Street Address)

                                 _____
                                 (City, State, Zip)