# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JOHN DOE, | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO. |
| v. | : 1:07-CV-2764-RWS |
| | : |
| OFFICER WOOTEN, in his individual | : |
| capacity, WARDEN R. WILEY, in his | : |
| individual and official capacities, | : |
| RICK STOVER, in his individual and | : |
| official capacities, and FEDERAL | : |
| BUREAU OF PRISON DIRECTOR | : |
| HARLEY LAPPIN, in his official | : |
| capacity, | : |
| | : |
| Defendants. | : |

## ORDER

This case comes before the Court on Plaintiff John Doe's Rule 56(f)

Motion for Extension of Time to Respond to Defendants' Motions for Summary

Judgment [69].

## Discussion

Plaintiff requests an extension of time to respond to the Motion to

Dismiss or, Alternatively, for Summary Judgment filed by Individual Capacity

Defendant Stover [54] and the Motion to Dismiss or, Alternatively, for Summary Judgment filed by the Official Capacity Defendants [56]. Plaintiff filed responses to Defendants' motions and later filed this request for an extension of time under Fed. R. Civ. P. 56(f).[1] [66, 67, 69] Plaintiff argues that at this stage of the litigation, without the benefit of the completed discovery process, the Court's ruling on the summary judgment motions would be premature. (Dkt. No. [83] at 6.) Plaintiff outlines the specific discovery sought and how such evidence would allegedly create issues of material fact that preclude judgment as a matter of law on Defendants' motions. (Id. at 5-6.) Further, Plaintiff states that he is entitled to jurisdictional discovery prior to responding to Defendant Stover's motion for dismissal for lack of personal jurisdiction. (Id. at 2; see Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) ("Resolution of a pretrial motion that turns on findings of fact- for example, a motion to dismiss for lack of personal jurisdiction pursuant

---

[1] Rule 56(f) provides: "If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order." FED. R. CIV. P. 56(f).

to Fed. R. Civ. P. 12(b)(2)- may require some limited discovery before a meaningful ruling can be made.").)

In response, Defendants correctly state that Rule 56(f) does not apply in motions to dismiss filed under Fed. R. Civ. P. 12(b). (Dkt. No. [73] at 1.) Therefore, insofar as the Defendants' motions are construed as motions to dismiss, the Court should not grant the Plaintiff's request for extension of time. (Id.) As to the motions for summary judgment, Defendants contend that discovery is not necessary to resolve either the issues of subject matter jurisdiction over the official capacity defendants or of personal jurisdiction over Defendant Stover. (Id. at 2-3). Defendants charge the Plaintiff with using the Rule 56(f) motion to "fish for evidence that may support his allegations." (Id. at 3.) Regarding Defendant Stover's motion for summary judgment on the basis of qualified immunity, Defendants argue that Plaintiff has failed to demonstrate in his Rule 56(f) motion how additional discovery will create a genuine issue of material fact precluding judgment as a matter of law. (Id. at 6.)

The Court finds that Plaintiff has made a sufficient showing of the need for additional discovery in order to adequately respond to certain of the issues in Defendants' motions for summary judgment. Plaintiff's Rule 56(f) Motion

3

AO 72A
(Rev.8/82)

to Fed. R. Civ. P. 12(b)(2)- may require some limited discovery before a meaningful ruling can be made.").)

In response, Defendants correctly state that Rule 56(f) does not apply in motions to dismiss filed under Fed. R. Civ. P. 12(b). (Dkt. No. [73] at 1.) Therefore, insofar as the Defendants' motions are construed as motions to dismiss, the Court should not grant the Plaintiff's request for extension of time. (Id.) As to the motions for summary judgment, Defendants contend that discovery is not necessary to resolve either the issues of subject matter jurisdiction over the official capacity defendants or of personal jurisdiction over Defendant Stover. (Id. at 2-3). Defendants charge the Plaintiff with using the Rule 56(f) motion to "fish for evidence that may support his allegations." (Id. at 3.) Regarding Defendant Stover's motion for summary judgment on the basis of qualified immunity, Defendants argue that Plaintiff has failed to demonstrate in his Rule 56(f) motion how additional discovery will create a genuine issue of material fact precluding judgment as a matter of law. (Id. at 6.)

The Court finds that Plaintiff has made a sufficient showing of the need for additional discovery in order to adequately respond to certain of the issues in Defendants' motions for summary judgment. Plaintiff's Rule 56(f) Motion

3

AO 72A
(Rev.8/82)

for Extension of Time to Respond to Defendants' Motions for Summary Judgment [69] is **GRANTED** as to the issue of Defendant Stover's subjective knowledge (*Plaintiff's Response to Defendant Stover's Motion to Dismiss or, Alternatively, for Summary Judgment*, Dkt. No. [67], Section III.B., pp. 16-19) and as to the issue of Official Capacity Defendants' alleged deliberate indifference (*Plaintiff's Response to Defendants' Motion to Dismiss or, Alternatively, for Summary Judgment*, Dkt. No. [66], Section III.F., pp. 38-42). As to these specified issues, Defendants' Motion to Dismiss or, Alternatively, for Summary Judgment filed by Individual Capacity Defendant Stover [54] and the Defendants' Motion to Dismiss or, Alternatively, for Summary Judgment filed by the Official Capacity Defendants [56] are **DENIED in part** with the right to refile. Discovery in the case shall proceed, and within twenty (20) days of the close of discovery, Defendants may re-file their Motions for Summary Judgment, supplemented as may be appropriate based upon discovery.

The Court shall reserve ruling on Defendant Stover's motion to dismiss for lack of personal jurisdiction in order to afford the Plaintiff additional time in which to conduct discovery as to the limited issue of Defendant Stover's contacts with the forum and the Court's exercise of personal jurisdiction over

4

him. (*Plaintiff's Response to Defendant Stover's Motion to Dismiss or, Alternatively, for Summary Judgment*, Dkt. No. [67], Section I., pp. 4-8.) In the interest of fairness, discovery as to this limited issue shall proceed on an expedited timetable. Plaintiff shall have until February 1, 2009 to request discovery on the issue of the Court's personal jurisdiction over Defendant Stover. Defendants shall respond to such requests not later than February 16, 2009. Plaintiff may file a supplemental response to Defendant Stover's motion to dismiss for lack of personal jurisdiction not later than February 27, 2009. Defendants may file a reply brief as to the limited issue within ten (10) days of receipt of Plaintiff's supplemental response.

As to the remaining issues, Defendants shall have ten (10) days from the entry of this Order in which to file their Reply Brief for the Motion to Dismiss or, Alternatively, for Summary Judgment filed by Individual Capacity Defendant Stover [54] and the Motion to Dismiss or, Alternatively, for Summary Judgment filed by the Official Capacity Defendants [56].[2]

---

[2]Defendants may reply to Sections II. and III.A. of Plaintiff's Response to Defendant Stover's Motion to Dismiss or, Alternatively, for Summary Judgment. (Dkt. No. [67].) Defendants' brief may also reply to Sections III.A., III.D., and III.E. of Plaintiff's Response to Defendants' Motion to Dismiss or, Alternatively, for Summary Judgment. (Dkt. No. [66].)

AO 72A
(Rev.8/82)

## Conclusion

For the foregoing reasons, Plaintiff's Rule 56(f) Motion for Extension of Time to Respond to Defendants' Motions for Summary Judgment [69] is **GRANTED.**

Defendants' Motion to Dismiss or, Alternatively, for Summary Judgment filed by Individual Capacity Defendant Stover [54] and the Defendants' Motion to Dismiss or, Alternatively, for Summary Judgment filed by the Official Capacity Defendants [56] are **DENIED in part with the right to refile**. The Defendants' Motion to Dismiss or, Alternatively, for Summary Judgment filed by Individual Capacity Defendant Stover [54] is DENIED in part as to the issue Defendant Stover's subjective knowledge (Section III.B). Defendants' Motion to Dismiss or, Alternatively, for Summary Judgment filed by the Official Capacity Defendants [56] is DENIED in part as to the issue of Official Capacity Defendants' alleged deliberate indifference (Section III.F).

The Court **RESERVES RULING** on the issue of Defendant Stover's motion to dismiss for lack of personal jurisdiction until the completion of the schedule set by the Court above. (Dkt. No. [54] at 7-14.)

AO 72A
(Rev.8/82)

Defendants shall have **ten (10) days** from this Order's issue date in which to file a Reply as to the issues identified above from the Motion to Dismiss or, Alternatively, for Summary Judgment filed by Individual Capacity Defendant Stover [54] and the Motion to Dismiss or, Alternatively, for Summary Judgment filed by the Official Capacity Defendants [56].

**SO ORDERED** this   16th   day of January, 2009.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)