```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF GEORGIA
                       ATLANTA DIVISION
```

|  |  |
|---|---|
| JOHN DOE, | : CIVIL ACTION |
| Plaintiff, | : NO. 1:07-CV-2764-RWS |
| v. | : |
| OFFICER WOOTEN, in his individual capacity; et al., | : |
| Defendants. | : |

### (1) MOTION FOR A PROTECTIVE ORDER
### AND
### (2) RESPONSE IN OPPOSITION TO PLAINTIFF JOHN DOE'S EMERGENCY MOTION TO COMPEL JURISDICTIONAL DISCOVERY FROM DEFENDANT STOVER

Comes now Rick Stover, named as a defendant in his official capacity and also named as a defendant in his individual capacity, and moves this Court pursuant to Fed.R.Civ.P. 26(c) and (d) to enter a protective order as to plaintiff's notice of deposition of Rick Stover and plaintiff's motion to compel. The grounds for this motion are more fully set forth in the memorandum of law submitted contemporaneously herewith. The accompanying memorandum of law also serves as a response in opposition to plaintiff's motion to compel.

                                Respectfully submitted,

                                DAVID E. NAHMIAS
                                UNITED STATES ATTORNEY

                                s/ *R. David Powell*
                                R. DAVID POWELL
                                ASSISTANT UNITED STATES ATTORNEY
                                GEORGIA BAR NO. 586450
                                600 RICHARD RUSSELL BUILDING
                                75 SPRING STREET, S.W.
                                ATLANTA, GEORGIA 30303
                                Voice:     (404) 581-6000
                                Facsimile: (404) 581-6150

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| JOHN DOE, | : CIVIL ACTION |
| Plaintiff, | : NO. 1:07-CV-2764-RWS |
| v. | : |
| OFFICER WOOTEN, in his individual capacity; et al., | : |
| Defendants. | : |

**MEMORANDUM OF LAW IN SUPPORT OF**
**(1) MOTION FOR A PROTECTIVE ORDER**
**AND**
**(2) RESPONSE IN OPPOSITION TO PLAINTIFF JOHN DOE'S EMERGENCY MOTION TO COMPEL JURISDICTIONAL DISCOVERY FROM DEFENDANT STOVER**

Rick Stover, who is named as a defendant in his official capacity and also named as a defendant in his individual capacity, moves this Court pursuant to Fed.R.Civ.P. 26(c) and (d) to enter a protective order as to plaintiff's notice of deposition of Rick Stover and plaintiff's motion to compel. Mr. Stover further opposes plaintiff's motion to compel jurisdictional discovery.

Defendant reluctantly, but necessarily, must ask the Court for assistance to resolve a discovery issue that the parties have been unable to resolve between themselves, which requires immediate consideration by the court to protect Mr. Stover from undue burden, oppression, and annoyance. Specifically, Mr. Stover asks the Court to quash the deposition plaintiff has scheduled for him subject to plaintiff's right to re-notice that deposition after the Court rules on issues regarding the court's jurisdiction over claims against Mr. Stover

in any capacity, in the event that any claims against him remain so as to warrant discovery on the merits of those claims.

## DISCUSSION

The Court, on January 16, 2009, entered an Order for expedited discovery on issues related to official capacity defendants' and individual capacity defendant Stover's motions to dismiss or for summary judgment on jurisdictional grounds. (CR [87]). The Court provided that

> The Court shall reserve ruling on Defendant Stover's motion to dismiss for lack of personal jurisdiction in order to afford the Plaintiff additional time in which to conduct discovery as to the limited issue of Defendant Stover's contacts with the forum and the Court's exercise of personal jurisdiction over him. (Plaintiff's Response to Defendant Stover's Motion to Dismiss or, Alternatively, for Summary Judgment, Dkt. No. [67], Section I., pp. 4-8.) In the interest of fairness, discovery as to this limited issue shall proceed on an expedited timetable. Plaintiff shall have until February 1, 2009 to request discovery on the issue of the Court's personal jurisdiction over Defendant Stover. Defendants shall respond to such requests not later than February 16, 2009.

(CR [87] at 4-5). Review of plaintiff's numerous exhibits attached to his motion to compel jurisdictional discovery from Mr. Stover show that between issuance of the Court's Order of January 16, 2009, and the filing of plaintiff's motion to compel discovery on February 12, 2009, plaintiff did not serve any additional discovery requests to Mr. Stover concerning personal jurisdiction. (Pl. M. to Compel (CR [90])). Instead, plaintiff simply cited to some previously served discovery requests that he contends go to the issue of personal jurisdiction against individual capacity defendant Stover, even though Mr. Stover has previously responded to those requests. (CR [90] ex. W).

Thereafter, on February 6, 2009, after plaintiff's deadline to submit requests for discovery concerning personal jurisdiction, his

counsel served a notice to depose Mr. Stover on February 18, 2009, without indicating whether the deposition would be limited to issues concerning personal jurisdiction of Mr. Stover in his personal capacity, or would be taken for other purposes. (CR [90] ex. Z). Counsel for the defendants became aware of the deposition notice, and on February 10, 2009, after conferring with Mr. Stover, wrote to advise plaintiff that due to the short time between notice and scheduled deposition, and due to other commitments, Mr. Stover and counsel could not appear during the week of February 18. (CR [90] ex. AA). Plaintiff was reminded of defendants' position that the currently authorized discovery was limited to written requests concerning the jurisdictional issue, but agreed that if it would avoid collateral litigation over discovery Mr. Stover would appear for deposition on March 9 or 10, 2009. Id. Plaintiff was also asked to indicate in what capacity Mr. Stover would be deposed, and was advised that in the absence of a response by February 12, 2009, Mr. Stover would seek a protective order. Id.

Rather than responding to the letter of February 10, plaintiff filed the currently pending motion to compel, (CR [90]). Plaintiff's motion indicates that he seeks to compel discovery specifically from Mr. Stover, and apparently now would limit deposition to the issues of personal jurisdiction over individual capacity defendant Stover. (CR [90], Memorandum at 2). Plaintiff's motion seeks to compel response to discovery requests prior to the time specified in the Court's order of January 16, and to compel Mr. Stover to immediately submit to deposition without having received adequate notice.

As to the deposition, plaintiff's request to compel Mr. Stover to appear for deposition on the issue of personal jurisdiction is nothing more than an out-of-time motion for the Court to reconsider the scope of the January 16 Order and to expand it to permit a deposition concerning personal jurisdiction and to extend plaintiff's deadline to file a supplemental brief on this defense. Even if the Court would excuse plaintiff's late attempt to obtain reconsideration of that order, it should be denied. Mr. Stover had indicated a willingness to appear for a deposition on dates that he and counsel could both appear. Plaintiff rejected that reasonable offer to informally resolve any dispute concerning the deposition, and plaintiff, without any effort to confer concerning scope or date of deposition, filed his motion asking the Court to expand the January 16 Order to permit deposition, and to compel Mr. Stover to attend a deposition on exceedingly short notice where the deposition was noticed beyond plaintiff's deadline for submitting discovery requests addressing personal jurisdiction. For these reasons, the Court instead should grant Mr. Stover's request for a protective order and direct that he will not be required to appear for a deposition until after the Court rules on his pending dispositive motion challenging the Court's personal jurisdiction.

Plaintiff's motion to compel written discovery should also be denied. Plaintiff argues that Mr. Stover should be required to respond to 10 document requests (nos. 18, 19, 20, 21, 22, 24, 25, 26, 27, 32) and four interrogatories (nos. 4, 6, 7, and 15). (CR [90], Motion at 1). Plaintiff, by letter dated January 16, 2009, identified four of those document requests and the same interrogatories as discovery

requests he contends are relevant to the personal jurisdiction issue. Id. ex. W).  Plaintiff was advised that Mr. Stover would review the discovery requests identified in that letter and would further respond as apropriate in accordance with the Order of January 16.  Plaintiff prematurely filed his motion to compel anticipating that he would not be satisfied with Mr. Stover's responses.  For this reason alone, his motion to compel should be denied.

Furthermore, plaintiff has failed to comply with the court's requirements for presenting arguments to support a motion to compel.  LR 37.1A(2) to (5).  This rule requires the moving party to identify the challenged objection, state the grounds assigned to the objection, and "[c]ite authority and include a discussion of the reasons assigned as supporting the motion."  Id.  Plaintiff has not presented his arguments in compliance with this rule.  Indeed, since he requested that defendants review and supplement responses to those requests identified in the letter of January 16, and Mr. Stover had agreed to review his responses and supplement where appropriate, plaintiff could not comply with LR 37.1A(2) to (5) at the time he filed his motion to compel.  Due to plaintiff's failure to comply with the form requirements in LR 37.1A, plaintiff's premature motion to compel should be summarily denied.

The Federal Rules of Civil Procedure provide that the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," and that such order may provide that the discovery be had only on specified terms and conditions.  Fed.R.Civ.P. 26(c)(2).  Plaintiff has moved to compel Mr. Stover to appear for a deposition on the issue of personal

<mark>- 5 -</mark>

jurisdiction, with short notice and after being notified that a deposition cannot be accommodated on the dates plaintiff selected and being presented with alternative dates. Due to the emergency created by plaintiff's motion to compel, this issue can be justly resolved only by the Court's entry of an order quashing the deposition of Mr. Stover scheduled for February 18, 2009, and ordering that plaintiff may reschedule the deposition after the court rules on the pending dispositive motions presenting jurisdictional defenses.

### CONCLUSION

For the foregoing reasons, Mr. Stover, defendant in both individual and official capacities, requests that the court quash the deposition scheduled for February 18, 2009, and order that plaintiff may reschedule the deposition after the court rules on the pending dispositive motions presenting jurisdictional defenses. Mr. Stover further requests that the Court deny plaintiff's motion to compel discovery for the reasons discussed above.

Respectfully submitted,

DAVID E. NAHMIAS
UNITED STATES ATTORNEY

s/ *R. David Powell*
R. DAVID POWELL
ASSISTANT UNITED STATES ATTORNEY
GEORGIA BAR NO. 586450

600 RICHARD RUSSELL BUILDING
75 SPRING STREET, S.W.
ATLANTA, GEORGIA 30303
Voice:     (404) 581-6000
Facsimile: (404) 581-6150

```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF GEORGIA
                         ATLANTA DIVISION

JOHN DOE,                              : CIVIL ACTION
                                       :
         Plaintiff,                    : NO. 1:07-CV-2764-RWS
                                       :
         v.                            :
                                       :
OFFICER WOOTEN, in his individual      :
capacity; et al.,                      :
                                       :
         Defendants.                   :
```

CERTIFICATE OF COMPLIANCE

    I certify that the documents to which this certificate is attached have been prepared with one of the font and point selections approved by the Court in LR 5.1B for documents prepared by computer.

                                               s/ *R. David Powell*
                                               R. DAVID POWELL
                                               ASSISTANT U.S. ATTORNEY
                                               Georgia Bar No. 586450

```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF GEORGIA
                       ATLANTA DIVISION

JOHN DOE,                          :  CIVIL ACTION
                                   :
       Plaintiff,                  :  NO. 1:07-CV-2764-RWS
                                   :
       v.                          :
                                   :
OFFICER WOOTEN, in his individual  :
capacity; et al.,                  :
                                   :
       Defendants.                 :
```

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the
**(1) MOTION FOR A PROTECTIVE ORDER
AND
(2) RESPONSE IN OPPOSITION TO PLAINTIFF JOHN DOE'S EMERGENCY MOTION
TO COMPEL JURISDICTIONAL DISCOVERY FROM DEFENDANT STOVER**
with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following lead attorney(s) of record:

David Lewis Balser
Jeffrey H Lerner

This  17th  day of February, 2009.

s/ *R. David Powell*
R. DAVID POWELL
ASSISTANT U.S. ATTORNEY
Georgia Bar No. 586450