# United States Court of Appeals

## For the Eleventh Circuit

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY 27 2010

JAMES N. HATTEN, CLERK
Deputy Clerk

No. 09-13707

District Court Docket No.
07-02764-CV-RWS-1

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Apr 26, 2010

JOHN LEY
CLERK

JOHN DOE,

   Plaintiff-Appellant,

versus

OFFICER WOOTEN, in his individual capacity,
WARDEN R. WILEY, in his individual and
official capacities,

   Defendants,

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

HARLEY G. LAPPIN, in his official capacity as
Director of the Federal Bureau of Prisons,
RICK STOVER, in his official capacity as
Federal Bureau of Prisons Senior Designator and
In his individual capacity,

   Defendants-Appellees.

------------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Georgia
------------------------------------------------------------------

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.



Entered:  April 26, 2010
For the Court:  John Ley, Clerk
By:  Gilman, Nancy

ISSUED AS MANDATE
MAY 2 5 2010
U.S. COURT OF APPEALS
ATLANTA GA

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 09-13707
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 26, 2010
JOHN LEY
CLERK

D.C. Docket No. 07-02764-CV-RWS-1

JOHN DOE,

Plaintiff-Appellant,

versus

OFFICER WOOTEN, in his individual capacity,
WARDEN R. WILEY, in his individual and
official capacities,

Defendants,

HARLEY G. LAPPIN, in his official capacity as
Director of the Federal Bureau of Prisons,
RICK STOVER, in his official capacity as
Federal Bureau of Prisons Senior Designator and
in his individual capacity,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Georgia

(April 26, 2010)

Before TJOFLAT, WILSON and COX, Circuit Judges.

PER CURIAM:

In 2007, "John Doe," a federal prisoner, filed a complaint against several Bureau of Prison (BOP) officials. Defendants Wooten, Wiley, and Stover were sued in their individual capacities. Defendants Wiley, Stover, and Lappin were sued in their official capacities. Plaintiff alleged that Defendants Wiley, Stover, and Lappin violated the Plaintiff's Eighth Amendment right against cruel and unusual punishment by acting with deliberate indifference in failing to protect Plaintiff from retaliation after he participated in the investigation of a Bureau of Prisons officer in Atlanta, Georgia. Plaintiff alleged that Defendant Wooten physically assaulted him in retaliation for Plaintiff's participation in the investigation. Plaintiff sought damages and an injunction "permanently enjoining Defendants from transporting Mr. Doe to or through any BOP facility in Atlanta" and prohibiting Defendants "from incarcerating Mr. Doe in a high security BOP facility and requiring the transfer of Mr. Doe to an appropriate and safe housing placement such as a medium or low security BOP facility or a state correctional facility." (R.1-1 at 18.)

The claims against Defendants Wiley and Wooten were dismissed with prejudice.[1] Those dismissals are not at issue in this appeal. In an order dated March

2

30, 2009, the district court found that it did not have personal jurisdiction over Defendant Stover with respect to the claim brought against him in his individual capacity and that Defendants Stover and Lappin were entitled to sovereign immunity on the claim brought against them in their official capacities. For those reasons, the district court granted summary judgment to Defendants Stover and Lappin. Plaintiff appeals those judgments.

This court reviews a district court's grant of summary judgment by applying the same legal standards used by the district court. *See, e.g., Hilburn v. Murata Elecs. N. Am., Inc.*, 181 F.3d 1220, 1225 (11th Cir. 1999). Summary judgment is appropriate where "'there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.'" *Wooden v. Bd. of Regents of the Univ. Sys. of Ga.*, 247 F.3d 1262, 1271 (11th Cir. 2001) (quoting Fed. R. Civ. P. 56(c)).

We affirm the district court's grant of summary judgment to Defendant Stover in his individual capacity. We agree with the district court that Defendant Stover's contacts with Georgia do not satisfy the minimum contacts analysis necessary for an

---

[1]Initially, the claim against Defendant Wooten was dismissed by stipulation of the parties. That dismissal did not specify whether it was with or without prejudice. After this court issued a jurisdictional question, the district court vacated its prior order dismissing the claim against Defendant Wooten and, on August 20, 2009, entered an order dismissing that claim with prejudice. Given the August 20, 2009 order, we are satisfied that this court has jurisdiction to consider this appeal.

exercise of personal jurisdiction to comport with due process.   Accepting all uncontroverted allegations as true and granting Plaintiff the benefit of all reasonable inferences, we find that Defendant Stover did not "purposefully avail [him]self of the privilege of conducting activities within the forum . . . , thus invoking the benefits and protections of its laws." *Vermeulen v. Renault, U.S.A., Inc.*, 985 F.2d 1534, 1546 (11th Cir. 1993) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S. Ct. 1228, 1240 (1958)).

As to the claim against Defendants Lappin and Stover in their official capacities, we agree with the parties that a plaintiff may be able to obtain injunctive relief against a federal officer acting in his official capacity when the officer acts beyond statutory or constitutional limitations. *See* Appellee's Br. at 16-17 (citing *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 69 S. Ct. 1457 (1949)); *Saine v. Hosp. Auth.*, 502 F.2d 1033, 1036-37 (5th Cir. 1974).[2] And, we hold that the Eighth Amendment violations Plaintiff alleges are within the types of actions by prison officials that may, if proved, warrant injunctive relief. *See Farmer v. Brennan*, 511 U.S. 825, 834, 850-51, 114 S. Ct. 1970, 1977, 1986 (1994).

---

[2]Fifth Circuit decisions prior to September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

We vacate the district court's summary judgment for Defendants Lappin and Stover in their official capacities because, having determined that Plaintiff failed to allege acts that may be enjoined, that court did not perform the balancing analysis required by our precedent. On remand, the district court should determine "whether the relief sought would work an intolerable burden on governmental functions, outweighing any consideration of private harm." *See Saine*, 502 F.2d at 1037 (quotation omitted). The burden to be considered is the burden that the record demonstrates would be imposed by the relief requested by this Plaintiff and the harm to be considered is that harm that the record demonstrates this Plaintiff would suffer absent the requested relief.

We note that Defendants Lappin and Stover argued that Plaintiff did not exhaust his administrative remedies on the claim against them in their official capacities. The district court did not analyze this defense, and we do not decide its merit. On remand, the district court may consider that issue in the first instance.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

5