**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JOHN DOE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:07-CV-2764-RWS |
| OFFICER WOOTEN, in his individual | : | |
| capacity, WARDEN R. WILEY, in his | : | |
| individual and official capacities, | : | |
| RICK STOVER, in his individual and | : | |
| official capacities, and FEDERAL | : | |
| BUREAU OF PRISON DIRECTOR | : | |
| HARLEY LAPPIN, in his official | : | |
| capacity. | : | |
| | : | |
| Defendants. | : | |

# **ORDER**

The United States Court of Appeals for the Eleventh Circuit remanded this case to this Court by Order filed April 26, 2010 (hereinafter, "Remand Order"), which was made the judgment of this Court by Order dated June 1, 2010. (Dkt. No. 118)

On remand, the Court of Appeals directed this Court to perform a balancing test analysis in order to determine if the injunction relief requested by Plaintiff would "work an intolerable burden on government functions,

AO 72A
(Rev.8/82)

outweighing any consideration of private harm." See Saine v Hosp. Auth., 502 F.2d 1033, 1036-37 (5 th Cir. 1974).[1]

The Court finds that it would benefit from additional briefing by the parties on this issue and also on the argument that Plaintiff has not exhausted his administrative remedies. Defendants may file a supplemental brief regarding these two limited issues within twenty-one (21) days of this Court's Order. Plaintiff may respond within seven (7) days of receipt of Defendant's supplemental motion.

**SO ORDERED** this  8th  day of June, 2010.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

---

[1] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981, and all Fifth Circuit Unit B decisions after October 1, 1981. See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc); Stein v. Reynolds Secs., Inc. , 667 F.2d 33, 33 (11th Cir. 1982).

2