IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN DOE, | : <br> : <br> : CIVIL ACTION NO. 1:07-CV-2764-RWS <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
| Plaintiff, | |
| v. | |
| OFFICER WOOTEN, in his individual capacity; et al., | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION TO ALLOW AND SET DEADLINES FOR
MERITS DISCOVERY**

Plaintiff John Doe respectfully requests the opportunity to obtain fact discovery from Defendants prior to trial, including depositions of a small number of United States Federal Bureau of Prisons ("BOP") employees who have information relevant to the merits of his claims and the appropriateness of his requested relief. Mr. Doe further believes that expert opinion may be of assistance to the Court in understanding the dangers to Mr. Doe and the appropriateness of the relief requested, and seeks the opportunity to make the disclosures required to present such testimony at trial. Mr. Doe therefore respectfully requests that the

Court establish a limited period for fact discovery and expert discovery before this case proceeds to trial.

In 2008, Mr. Doe sought discovery from Defendants on the merits of his claims promptly after the Court entered an Amended Confidentiality Order to permit discovery while protecting his identity from disclosure.  Defendants, however, moved for dismissal of his claims or (early) summary judgment on jurisdictional grounds.  Consequently, Defendants made only a limited document production and provided incomplete responses to interrogatories, while refusing to respond to discovery requests they deemed directed the merits.  For example, citing the Court's January 16, 2009, Order [Dkt. 87], Defendants refused to permit depositions of BOP personnel.  Indeed, Plaintiff was required to file a motion to obtain the deposition of Defendant Stover concerning the issue of personal jurisdiction.[1]  [Dkt. 90.]  In light of the Court's July 16, 2010, denial of Defendants' motion for summary judgment [Dkt. 123], Plaintiff respectfully requests an opportunity to take discovery on the merits of his claim and the appropriateness of his requested relief that Defendants have hitherto refused to provide.

---

[1] The Court granted the motion to allow this jurisdictional discovery.  [Dkt. 94.]

## FACTUAL BACKGROUND

Plaintiff John Doe is a prisoner currently housed in United States Penitentiary ("USP") Coleman II in Florida. Since his February 2004 cooperation in the investigation of a BOP officer at USP Atlanta, Mr. Doe has been repeatedly threatened and attacked by inmates and staff at various BOP facilities. Plaintiff filed a Verified Complaint on November 7, 2007, alleging that Defendants violated his Eighth Amendment rights by failing to take adequate measures to protect him from the known risks created by his circumstances. Plaintiff seeks an order directing Defendants to transfer him to an appropriate and safe housing placement such as a medium-security BOP facility or a state-run facility. Plaintiff also seeks an order enjoining Defendants from transporting him via USP Atlanta during any transfer between other facilities.

Due to the need for confidentiality and protection of Plaintiff's identity, discovery in this case could not begin until after May 30, 2008, when the Court entered an Amended Confidentiality Order designed to prevent the disclosure of Plaintiff's identity during the discovery process. [Dkt. 37, 38.] Thereafter the parties submitted their Joint Preliminary Report and Discovery Plan, which set forth numerous subjects of discovery to be taken, and which was approved by the Court on July 21, 2008. [Dkt. 43, 46.] Plaintiff promptly served his First Set of Document Requests on July 25, 2008, and his Second Set of

Document Requests and First Set of Interrogatories on September 11, 2008. [Dkt. 48, 63, 64.] *See* Exs. 1-3.

Defendants provided incomplete responses to these discovery requests on August 28, 2008, and October 14, 2008, with revised interrogatory responses served on December 19, 2008. [Dkt. 58, 77, 86.] *See* Exs 4-6. Plaintiff notified Defendants of the numerous deficiencies in these responses by letters dated November 14, 2008, January 9, 2009, and January 16, 2009. *See* Exs. 7-9. Although Defendants eventually produced documents after repeated inquiries from Plaintiff, *see* Exs. 10, 11, that production was limited to documents from Plaintiff's Central BOP File and Medical File. *See* Ex. 12.

In the meantime, Defendants filed two threshold dispositive motions on August 21, 2008: Individual Capacity Defendant Stover's Motion to Dismiss or, Alternatively, for Summary Judgment and Official Capacity Defendants' Motion to Dismiss or, Alternatively, for Summary Judgment. [Dkt. 54, 56.] Plaintiff opposed these motions and filed a Rule 56(f) Motion for Extension of Time to Respond to Defendants' Motion for Summary Judgment. [Dkt. 69.] The Court granted this motion on January 16, 2009, and ordered discovery to proceed on the issue of Defendant Stover's subjective knowledge and as to the issue of the Official Capacity Defendants' alleged deliberate indifference. [Dkt. 87.] The

4

Court also directed discovery on the question of the Court's personal jurisdiction over Defendant Stover. [*Id.*]

Defendants took the position that the January 16, 2009, Order did not permit full discovery and did not "authorize" depositions. *See* Ex. 13. Plaintiff disputed this interpretation of the order, *see* Ex. 14, but Defendants maintained that "it is inconsistent to allow discovery on the merits of claims where the Court's jurisdiction is contested," *see* Ex. 15 at 1. Plaintiff was able to take the deposition of Defendant Stover only after filing a motion to compel, which the Court granted. [Dkt. 90, 94.]

Other than Plaintiff's Central BOP File and Medical File, the only documents that Defendants appear to have produced are documents regarding Defendant Stover's employment history and a limited number of documents referenced in Defendant Stover's deposition. *See* Exs. 16-18.

On March 30, 2009, the Court granted summary judgment to Defendants Stover and Lappin on the threshold jurisdictional grounds of sovereign immunity and personal jurisdiction. Plaintiff then dismissed his claim against Defendant Officer Wooten in order to take an appeal.[2] [Dkt. 107.] The Eleventh Circuit Court of Appeals vacated the grant of summary judgment as to Official

---

[2] Plaintiff had previously agreed to dismiss Warden Wiley as a defendant. [Dkt. 40.]

5

Capacity Defendants Stover and Lappin, and remanded the case to this Court. After the parties submitted additional briefing, the Court denied the Motion for Summary Judgment as to Official Capacity Defendants on July 16, 2010. [Dkt. 123.] The July 16 Order directed the parties to submit a proposed consolidated pretrial order to the Court within thirty days. Given the lack of merits discovery in the case to date, Plaintiff sent Defendants a proposed pretrial order that included a schedule for the completion of merits discovery. *See* Ex. 19. Defendants, however, have taken the position that no additional discovery is warranted in this case. *See* Ex. 20.

## ARGUMENT

To date, the only document discovery received by Plaintiff consists of the contents of his Central File and Medical File and a limited number of documents regarding Defendant Stover. Many of Plaintiff's discovery requests are directly relevant to the issues remaining in this case, including but not limited to requests regarding the BOP personnel who have been involved in decisions to redesignate (that is, assign or transfer) Plaintiff (Req. No. 25), documents sufficient to show BOP policies, practices, or customs for protecting prisoners who have cooperated in investigations (Req. No. 27), and all documents relating to BOP policies for protecting inmates who have cooperated in investigations in BOP

6

facilities (Req. No. 33).  *See* Ex. 2.  Furthermore, Plaintiff has been unable to obtain any depositions in this case other than that of Defendant Stover.

Plaintiff seeks a short period of time to obtain targeted discovery directly relevant to the merits of his claim and the appropriateness of his requested relief, including:

- complete document production of categories of key documents Plaintiff has requested, such as those explaining why the BOP has denied its wardens' recommendations that Mr. Doe be housed in a medium security BOP facility and why BOP officials have denied requests for waivers of Mr. Doe's safety factor made on his behalf; and

- a limited number of depositions, such as a deposition of the BOP pursuant to Rule 30(b)(6) and depositions of the wardens who have recommended that Plaintiff be transferred to a medium-security facility.

Additionally, Plaintiff believes that expert testimony would be of assistance to the Court and requests the opportunity to make the disclosures required by Rule 26 to permit Plaintiff to offer such testimony.  *See* Fed. R. Civ. P. 26(a)(2)(B), 26(b)(4)(A).

Plaintiff has diligently sought merits discovery in this case, sending numerous letters to Defendants' counsel and offering repeatedly to meet and confer regarding discovery.  *See* Ex. 7 at 5; Ex. 8 at 3; Ex. 9.  In response Defendants took the position that little or no discovery was allowed.  *See* Ex. 13, Ex. 14.  Such discovery is plainly necessary in order for the Court to preside over a trial on the

merits of Plaintiff's claims.  *See Thomas v. Evans*, 880 F.2d 1235, 1242 (11th Cir. 1985) (reversing court's dismissal of prisoner's Eighth Amendment claim when prisoner had yet to receive adequate discovery); *see also Womack v. Smith*, 310 Fed. App'x 547, 551 (3d Cir. 2009) (reversing grant of summary judgment on Eighth Amendment claim because prisoner's claims were fact sensitive and prisoner was unable to take depositions or obtain complete discovery); *Bell v. Hillsborough Cnty. Dept. of Corr.*, No. 09-cv-135-SM, 2009 WL 1734228, at *4 (D.N.H. June 28, 2009) ("[W]here discovery has not yet been completed, I cannot determine whether or not Bell is likely to actually succeed on the merits of his underlying Eighth Amendment claims.").

## **CONCLUSION**

To enable Plaintiff to prepare his case for trial and provide the Court with an adequate evidentiary record, Plaintiff respectfully requests that the Court enter an order directing the parties to take and respond to merits discovery and setting a schedule for fact and expert discovery accordingly.  A draft order is attached.

Dated: August 25, 2010

                                      Respectfully submitted,

                                      /s/ Mari K. Bonthuis
                                      Mari K. Bonthuis

| | |
|---|---|
| Mari K. Bonthuis* <br> COVINGTON & BURLING LLP <br> 620 Eighth Avenue <br> New York NY 10018 <br> (212) 841-1000 <br> *admitted *pro hac vice* | David L. Balser <br> MCKENNA LONG & ALDRIDGE LLP <br> 303 Peachtree St., NE <br> Suite 5300 <br> Atlanta, GA 30308 <br> (404) 527-4000 |
| Thomas L. Cubbage III* <br> Jeffrey H. Lerner* <br> COVINGTON & BURLING LLP <br> 1201 Pennsylvania Ave., NW <br> Washington, DC 20004 <br> (202) 662-6000 <br> *admitted *pro hac vice* | Philip Fornaci* <br> D.C. Prisoners' Project <br> Washington Lawyers' Committee for <br>    Civil Rights & Urban Affairs <br> 11 Dupont Circle, Suite 400 <br> Washington, DC 20036 <br> (202) 319-1000 <br> *admitted *pro hac vice* |

Pursuant to Local Rule 7.1D, I hereby certify that the above document has been prepared in Times New Roman font and point 14 as required by Local Rule 5.1.

                                      /s/ Mari K. Bonthuis
                                      Mari K. Bonthuis

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOHN DOE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. |
| | : | 1:07-CV-2764-RWS |
| v. | : | |
| | : | |
| OFFICER WOOTEN, in his individual capacity, WARDEN R. WILEY, in his individual and official capacities, RICK STOVER, in his individual and official capacities, and FEDERAL BUREAU OF PRISON DIRECTOR HARLEY LAPPIN, in his official capacity. | : | |
| | : | |
| Defendants. | : | |

## **CERTIFICATE OF SERVICE**

     I hereby certify that I have on this 25th day of August, 2010, filed electronically the foregoing Memorandum of Law in Support of Plaintiff's Motion to Continue Discovery upon the counsel listed below via the Court's electronic filing system and have caused a copy to be hand-delivered to counsel at the address below.

     R. David Powell
     Assistant United States Attorney
     600 Richard Russell Building
     75 Spring Street, S.W.
     Atlanta, GA 30303

                                                  /s/ Mari K. Bonthuis