IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN DOE, | : CIVIL ACTION |
| Plaintiff, | : NO. 1:07-CV-2764-RWS |
| v. | : |
| OFFICER WOOTEN, in his individual capacity; et al., | : |
| Defendants. | : |

**RESPONSE IN OPPOSITION TO PLAINTIFF JOHN DOE'S
MOTION TO ALLOW AND SET DEADLINES FOR MERITS DISCOVERY**

COME NOW Rick Stover and Harley Lappin, sued in official capacity as employees of the Bureau of Prisons, by and through counsel, and file their opposition to plaintiff's Motion to Allow and Set Deadlines for Merits Discovery. Plaintiff requests that the Court reopen discovery and permit him to engage in additional fact discovery and to at this late date designate expert witnesses. Plaintiff's motion should be denied.

### I. BACKGROUND INFORMATION

Plaintiff filed this action initially naming a number of individual and official capacity defendants. All claims were terminated by plaintiff's dismissal with prejudice or pursuant to court order rejecting plaintiff's claims. Plaintiff appealed the final order and judgment entered in this case, resulting in reversal of the dismissal of his claims against official capacity defendants Lappin and Stover.

The appeals court identified plaintiff's claims against these defendants as allegations that they "violated the Plaintiff's Eighth Amendment right against cruel and unusual punishment by acting with

deliberate indifference in failing to protect Plaintiff from retaliation after he participated in the investigation of a Bureau of Prisons officer in Atlanta, Georgia."  (CR [117] at 2).  The Court of Appeals noted that on those claims plaintiff sought "an injunction 'permanently enjoining Defendants from transporting Mr. Doe to or through any BOP facility in Atlanta' and requiring the transfer of Mr. Doe to an appropriate and safe housing placement such as a medium or low security BOP facility or a state correctional facility.'" Id. (quoting Complaint at 18).  The appeals court explained that "a plaintiff may be able to obtain injunctive relief against a federal officer acting in his official capacity when the officer acts beyond statutory or constitutional limitations," id. at 4 (citing Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682 (1949); Saine v. Hosp. Auth., 502 F.2d 1033, 1036-37 (5th Cir. 1974)).  The Court of Appeals then vacated the judgment in favor of these official capacity defendants and remanded with instructions to "perform the balancing analysis required by ... precedent," id. at 5, and suggested that the district court may consider in the first instance defendants' argument that plaintiff failed to exhaust administrative remedies.  Id.

The District Court has now performed the balancing analysis and exhaustion issues for summary judgment purposes and denied defendants' motion for summary judgment on the remanded claims.  Having resolved all pretrial motions, the Court directed the parties to file a proposed pretrial order.  Plaintiff, instead, has moved to reopen discovery to permit him to engage in additional fact discovery and to at this late date designate expert witnesses.

- 2 -

## II.  DISCUSSION

Plaintiff asks the Court to reopen discovery for all purposes, and to also enter a so-called scheduling order that would (a) compel defendant to "Produc[e] all documents responsive to Rule 34 requests no later than September 17, 2010"; (b) allow plaintiff almost three months in which to disclose expert witnesses, then require defendants to make expert disclosures 27 days later even though plaintiff's attorneys are aware of defendants' attorney's scheduled leave of absence covering much of the proposed response time; and (c) require that any depositions of proposed experts be completed within the first two weeks after defense counsel returns from leave.[1]  Plaintiff's proposed scheduling order and stated reasons for his motion show that the request is not made in good faith, but instead seeks to delay a decision on the merits of his claims and permit him to subject defendants to undue burden and harassment while he engages in a fishing expedition.

In addition to seeking to schedule proposed deadlines during a time when defendant's attorney will be on leave, plaintiff asks the court to effectively grant a non-existent motion to compel discovery, excusing plaintiff from the requirements of Local Rules and Federal Rules of Civil Procedure for such motions, and thereby compel production of all documents responsive to his Rule 34 requests, notwithstanding defendants' objections.  Defendants are not required to respond to a motion to compel based on plaintiff's limited arguments in his motion to reopen discovery.  However, review of plaintiff's exhibits to his motion

---

[1]   Compare proposed Order with proposed schedule defendants would not endorse, at plaintiff's Exhibit 19 (CR 127-21]).

- 3 -

shows that he has misrepresented the discovery provided by the defendants. He does admit receipt of documents responsive to his first numbered production request, but contends that he has received only a limited number of other documents regarding defendant Stover.

Plaintiff served requests to produce and interrogatories on the official capacity defendants covering all aspects of his claims. (CR [127-3 to 127-5]). As plaintiff's exhibits show, defendants have provided responses or valid, supported objections to all interrogatories and production requests. (CR [127-6 to 127-8[2], 127-16]). Between formal discovery responses, emailed releases, documents provided at the time of Rick Stover's deposition, and documents included as exhibits to submissions in the Court's record, plaintiff has received most of the "fact" discovery he sought before the Court ruled on current and former defendants' dispositive motions, even if information requested was not in BOP's control. Notably, those documents reflect defendants' efforts to obtain information from another Agency. Defendants did refer plaintiff to the Bureau of Prisons internet site for access to policy documents he requested, rather than printing and forwarding hard copies of those documents. But, surely plaintiff does object to being required to download the electronic records or to print those records if he desires paper copies. Fed.R.Civ.P. 26(b)(2)(C)(i) & 34(b)(2)(E) (plaintiff may obtain directly from internet where normally kept in a less burdensome and costly method). Additionally, plaintiff was provided all administrative records related to his requests for

---

[2]   Plaintiff's exhibits are not in exact chronological order. For instance, Exhibit 7 (CR [127-9]) predates the revised interrogatory responses in Exhibit 6 (CR [127-8]).

preferred housing assignments and transfers, and all records held by the designation are made by the BOP's Designation & Sentence Computation Center ("DSCC"), which is located in Grand Prairie, Texas.

Plaintiff does not explain why his receipt of the many documents defendants have produced that are directly responsive to his prior fact discovery is insufficient and worthy of starting discovery anew. Plaintiff instead asserts that he needs to obtain production of "categories of key documents." Those key categories are not "key" to issues relevant to his remaining claims. He identifies as categories he seeks: "those explaining why the BOP has denied its wardens' recommendations" about housing, and why "BOP officials have denied requests for waivers of Mr. Doe's safety factor." Plaintiff also wants to depose wardens on these same issues. (CR [127-1] at 7). He already has the available documents concerning any recommendations of wardens and the involved BOP officials' consideration of a waiver. The issues relevant to the remaining claims do not include the reasons of some other officials not named as defendants who made decisions concerning Doe, but whether Doe can prove that the named defendants acted in a way that violated the Eighth Amendment "in failing to protect Plaintiff from retaliation after he participated in the investigation of a Bureau of Prisons officer in Atlanta, Georgia." In addition to defendants' document production, defendant Stover has also provided deposition testimony on these issues. Plaintiff's identified categories do not seek information concerning either defendants' own knowledge, actions, or subjective beliefs, and therefore plaintiff's arguments do not show grounds for a second period of discovery.

- 5 -

Plaintiff also claims that he needs additional time to secure expert witnesses. This is because his attorneys "believe[] that expert testimony would be of assistance to the Court...." (CR [127-1] at 7). He does not state what issues may be properly addressed by an expert, and he does not explain how experts may assist the court to determine what actions the defendants did or did not take, what the defendants did or did not know at the time of any relevant actions, whether the defendants' showed deliberate indifference to plaintiff's rights; or if plaintiff prevails on liability, what relief is within the BOP's authority to provide and what relief does the Court find is appropriate; or any other issue related to the remaining claims and potential remedies. Plaintiff's minimal argument is insufficient to show grounds to reopen discovery to permit designation of expert witnesses on unknown issues of no known relevance.

### III. CONCLUSION

For the foregoing reasons, defendants request that the Court deny plaintiff's Motion to Allow and Set Deadlines for Merits Discovery.

        Respectfully submitted,

        SALLY QUILLIAN YATES
        UNITED STATES ATTORNEY

        *s/ R. David Powell*
        R. DAVID POWELL
        ASSISTANT UNITED STATES ATTORNEY
        GEORGIA BAR NO. 586450

        600 RICHARD RUSSELL BUILDING
        75 SPRING STREET, S.W.
        ATLANTA, GEORGIA 30303
        Voice:     (404) 581-6000
        Facsimile: (404) 581-6150

```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF GEORGIA
                      ATLANTA DIVISION

JOHN DOE,                           : CIVIL ACTION
                                    :
        Plaintiff,                  : NO. 1:07-CV-2764-RWS
                                    :
        v.                          :
                                    :
OFFICER WOOTEN, in his individual   :
capacity; et al.,                   :
                                    :
        Defendants.                 :
```

CERTIFICATE OF COMPLIANCE

I certify that the documents to which this certificate is attached have been prepared with one of the font and point selections approved by the Court in LR 5.1B for documents prepared by computer.

s/ R. David Powell
R. DAVID POWELL
ASSISTANT U.S. ATTORNEY
Georgia Bar No. 586450

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN DOE, | : CIVIL ACTION |
| | : |
| Plaintiff, | : NO. 1:07-CV-2764-RWS |
| | : |
| v. | : |
| | : |
| OFFICER WOOTEN, in his individual capacity; et al., | : |
| | : |
| Defendants. | : |

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the **RESPONSE IN OPPOSITION TO PLAINTIFF JOHN DOE'S MOTION TO ALLOW AND SET DEADLINES FOR MERITS DISCOVERY** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record, including the following lead attorney(s) of record:

David Lewis Balser
Jeffrey H Lerner

This  13th  day of September, 2010.


s/ *R. David Powell*
R. DAVID POWELL
ASSISTANT U.S. ATTORNEY
Georgia Bar No. 586450