IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

---

|  |  |  |
|---|---|---|
| JOHN DOE, | : | |
| | : | |
| | : | CIVIL ACTION NO. 1:07-CV-2764-RWS |
| Plaintiff, | : | |
| | : | |
| v. | : | CONFERENCE IS REQUESTED |
| | : | |
| RICK STOVER, in his official capacity, | : | |
| and FEDERAL BUREAU OF PRISONS | : | |
| DIRECTOR HARLEY LAPPIN, in his | : | |
| official capacity, | : | |
| | : | |
| Defendants. | | |

---

### PRETRIAL ORDER

1.

There are no motions or other matters pending for consideration by the court except as noted:

Plaintiff's Statement:

Plaintiff has a pending motion to compel supplementation of Defendants' production of documents from Plaintiff's BOP inmate files pursuant to Rule 26(e)(1)(A). Plaintiff also anticipates the need to discuss at a pre-trial conference the appearance and testimony of Plaintiff by videoconferencing and the appearance of Defendants at trial.

Defendants' Statement:

The Official Capacity Defendants request to reserve the right to present motions *in limine*, orally or in writing, concerning any witnesses or exhibits identified by plaintiff

in attachments to this proposed pretrial order, or as necessary concerning any other evidence plaintiff may seek to present at trial.

2.

All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery. (Refer to LR 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.

Defendants' Statement:

The defendants may depose one or more witnesses to preserve evidence and for use at trial. Defendants note that some witnesses are beyond the subpoena power of the court.

Plaintiff has indicated an intent to obtain services of someone he will attempt to designate as an expert witness within the pretrial order. Defendant opposes plaintiff's attempt to designate an expert witness long after close of discovery, and after the Court denied plaintiff's motion to reopen discovery to, among other things, designate an expert witness. No expert testimony is needed to assist the Court, as trier of fact, to determine at the liability phase whether plaintiff suffered any retaliation for participating in the investigation of Mr. Fisher, and, if so, what the defendants did or did not know at the time of any relevant retaliatory actions, what actions the defendants did or did not take, whether either defendant showed deliberate indifference to plaintiff's rights; or if plaintiff prevails on liability, what relief is within the BOP's authority to provide and what relief does the Court find is appropriate; or any other issue related to the remaining claims and potential remedies.

3.

Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.

None.

4.

Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections. (When there are multiple claims, list each claim and its jurisdictional basis separately.)

Plaintiff's Statement:

Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1361 and the Eighth Amendment to the United States Constitution.

Defendants' Statement:

U.S. Const. amend VIII; Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682 (1949).

5.

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff: Thomas L. Cubbage III
            Covington & Burling LLP
            1201 Pennsylvania Ave., N.W.
            Washington, DC 20004

Defendants: R. David Powell
            Assistant United States Attorney
            Suite 600 Richard Russell Building
            75 Spring Street, S.W.
            Atlanta, GA 30303

6.

Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR39.3(B)(2)(b)). State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.

Not applicable because this is a bench trial.

7.

The captioned case shall be tried (_____) to a jury or (X) to the court without a jury, or (_____) the right to trial by jury is disputed.

8.

State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.

Not applicable.

9.

Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.

Not applicable.

10.

Attached hereto as Attachment "B-1" are the general questions which plaintiff wishes to be propounded to the jurors on voir dire examination.

Attached hereto as Attachment "B-2" are the general questions which defendant wishes to be propounded to the jurors on voir dire examination.

Attached hereto as Attachment "B-3", "B-4", etc. are the general questions which the remaining parties, if any, wish to be propounded to the jurors on voir dire examination. The court, shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

Not applicable.

11.

State any objections to plaintiff's voir dire questions:

Not applicable.

State any objections to defendant's voir dire questions:

Not applicable.

State any objections to the voir dire questions of the other parties, if any:

Not applicable.

12.

All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise

directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870. See Fed.R.Civ.P. 47(b).

Not applicable.

13.

State whether there is any pending related litigation. Describe briefly, including style and civil action number.

The parties are unaware of any pending related litigation.

14.

Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence.  All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading.  In negligence cases, each and every act of negligence relied upon shall be separately listed.  For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

See Attachment C.

15.

Attached hereto as Attachment "D" is the defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

See Attachment D.

16.

Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be

read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.

See Attachment E.

17.

The legal issues to be tried are as follows:

Plaintiff's Statement:

(1) Have Defendants, in their official capacities, exhibited deliberate indifference to a serious risk of harm to Mr. Doe in violation of his rights under the Eighth Amendment of the United States Constitution?

(2) Is injunctive relief warranted?

Defendants' Statement:

(1)    Whether plaintiff claim against defendant Lappin fails because he seeks to hold this defendant liable on the basis of respondeat superior or vicarious liability.

(2)    As to each defendant, whether plaintiff can prove that any action by the defendant related to transfer or housing of plaintiff breached a duty owed to plaintiff under the Eighth Amendment to the Constitution.

(3)    Whether plaintiff can show that he has a reputation of cooperating in law enforcement investigations due to his participation in an investigation of Officer Willie Fisher in January and February 2004, and that such reputation is known generally within BOP's prison population.

(4)    Whether plaintiff is subject to a risk of assault by prisoners in retaliation for cooperating in the law enforcement investigation of Fisher; and

(5)    If so, whether plaintiff's risk of assault by prisoners is significantly greater than the risk of assault generally experienced by inmates at high security BOP facilities.

(6)    Whether plaintiff is subject to a risk of assault by correctional officers at USP Atlanta in retaliation for cooperating in the law enforcement investigation of Fisher; and

(7)    If so, whether plaintiff's risk of assault by correctional officers at USP Atlanta

(a)     is significantly greater than the risk of assault generally experienced by inmates designated to USP Atlanta, or

(b)     is significantly greater than the risk of assault generally experienced by inmates temporarily placed in the Receiving and Departure Center in a transit/hold over status at USP Atlanta.

(8)     If plaintiff establishes a risk of assault in retaliation for cooperating in the law enforcement investigation of Fisher, whether plaintiff's risk of assault is sufficiently serious or substantial to form the basis of an Eighth Amendment violation.

(9)     Whether plaintiff can prove that he experienced each assault claimed in the Compliant and that each assault was committed in retaliation for his participation in the law enforcement investigation of Fisher, and

(10)    if so, whether plaintiff can prove that such assaults created conditions of confinement that constituted cruel and unusual punishment.

(11)    As to each defendant, whether plaintiff can prove that the defendant took any action related to transfer or housing of plaintiff in any facility identified in the Complaint as the location of an assault committed in retaliation for his participation in the law enforcement investigation of Fisher.

(12)    As to each defendant, whether plaintiff can prove that the defendant had a duty to take any action related to transfer or housing of plaintiff and that defendant failed to act.

(13)    As to each defendant and any proven action by the defendant, or omission to perform a required act by the defendant, related to transfer or housing of plaintiff, whether plaintiff can prove

(a)    that before such act or omission concerning transferring or housing plaintiff, the defendant was aware of facts from which the inference could be drawn that the specific transfer or housing designation would subject plaintiff to a substantial risk of serious harm, and

(b)    that the defendant drew that inference and thus had knowledge of such risk.

(14)    As to each defendant, as each act or omission concerning transferring or housing plaintiff by the defendant that plaintiff proves was taken with subjective knowledge of an objectively substantial risk of serious harm due to retaliation for his cooperation in the law enforcement investigation of Fisher, that the defendant responded in an objectively unreasonable manner by the act or omission to act.

(15)    As to each defendant and any proven action by the defendant, or omission to perform a required act by the defendant, related to transfer or housing of plaintiff, whether plaintiff can prove that the defendant acted beyond statutory or constitutional limitations (that is, whether the defendant acted ultra vires); and

(16)    As to any such ultra vires act, whether plaintiff can prove that the relief sought by plaintiff would not work an intolerable burden on government functions outweighing any harm to plaintiff.

(17)    Whether plaintiff's claims are barred as suits against the government, thus by sovereign immunity, because the defendants were acting pursuant to valid statutory authority, or because even though a defendant's action was ultra vires, the relief sought by plaintiff would work an intolerable burden on government functions outweighing any harm to plaintiff.

(18)    If plaintiff proves that either defendant violated his Eighth Amendment rights, through conduct alleged in his Complaint filed November 7, 2007, and that defendant acted ultra vires and that weighing burden to government against harm to plaintiff does not bar his claim, whether he can prove that such defendant knowingly and unreasonably continued to disregard an objectively intolerable risk of harm through the course of litigation in this case and will continue to do so; and

(19)    If so, whether plaintiff is entitled to injunctive relief against either official capacity defendant.

(20)   If plaintiff proves he is entitled to injunctive relief, what injunctive relief is appropriate under the Prison Litigation Reform Act requirements that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.

(21)   As to each defendant, if plaintiff proves that he is entitled to any injunctive relief against the defendant, what is the appropriate relief that is within the authority of the defendant in his official capacity.

18.

Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for the defendant, and Attachment "F-3", etc. for all other parties is a list of all the witnesses and their addresses for each party.  The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included. Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness.

All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means. Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

See Attachments F-1 and F-2.

19.

Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for the defendant, and "G3", etc. for all other parties are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised.  Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court.  Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

See Attachments G-1 and G-2.

Defendants' Statement:

Defendants request permission to revise their exhibit list not later than fourteen (14) days before trial.

20.

The following designated portions of the testimony of the persons listed below may be introduced by deposition:

For Plaintiff

Deposition of Rick Stover

| Start | End |
|-------|-----|
| 5:14 | 5:16 |
| 22:12 | 23:5 |
| 25:2 ("And") | 25:5 |
| 27:5 | 27:19 |
| 43:12 | 44:12 |
| 44:13 | 45:5 |
| 57:22 | 58:25 |
| 60:12 | 61:18 |
| 62:6 | 62:11 |
| 62:16 | 62:24 |
| 63:12 | 64:1 |
| 69:22 | 71:7 |
| 80:14 | 80:25 |
| 81:1 | 82:10 |
| 91:12 | 93:19 |

| 99:20 ("does") | 100:19 |
|----------------|--------|
| 101:19         | 103:7  |
| 136:1          | 136:9  |
| 143:24         | 144:9  |
| 164:3          | 164:6  |
| 164:11         | 165:1  |
| 165:2          | 165:7  |
| 165:8          | 165:24 |
| 167:18         | 167:22 |

<u>For Defendants:</u>

Defendants designate the deposition of Rick Stover.  Defendants further note that it may be necessary to depose some witnesses for use at trial and to preserve evidence. Defendants therefore request that the parties be permitted to identify the portions of each deposition, if any, they will offer in evidence no later than fourteen (14) days before trial.

Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

21.

Attached hereto as Attachments "H-1" for the plaintiff, "H-2" for the defendant, and "H-3", etc. for other parties, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

See Attachment H-1.

<u>Defendants Statement:</u>

Defendants request leave to submit trial briefs on or before the later of the date that is 14 days prior to trial, or ten days after the Court enters the pretrial order, addresses plaintiff's most recent motion to compel discovery, and addresses challenges defendants will file to any witness plaintiff attempts to proffer as an expert, at which time defendants may determine those evidentiary and legal issues requiring briefing.

22.

In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered. In addition, each party should attach to the

requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.  Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

   Not applicable.

23.

   If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.

   Not applicable.

24.

   Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.

   Not applicable.

25.

   If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.

26.

   Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties met in person on _____, 20_____, to discuss in good faith the possibility of settlement of this case. The court (__) has or (X) has not discussed settlement of this case with counsel. It appears at this time that there is:
   (_____) A good possibility of settlement.
   (_____) Some possibility of settlement.
   (_X_) Little possibility of settlement.
   (_____) No possibility of settlement.

27.

   Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.

12

The defendants request a special setting.  The plaintiff is in another state, and most witnesses are located in numerous different states other than Georgia.  A special setting will reduce the burdens upon witnesses to travel to this district and remain until the trial is complete or they are released.

28.

The plaintiff estimates that it will require 2 days to present his evidence.  The defendant estimates that it will require 2-3 days to present its evidence.  It is estimated that the total trial time is 4-5 days.

29.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case (_____) submitted by stipulation of the parties or (_X_) approved by the court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.

IT IS SO ORDERED this _____ day of _____, 20_____.

_____
Richard W. Story
UNITED STATES DISTRICT JUDGE

Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court.

Counsel for Plaintiff                                          Counsel for Defendants:

/s/ Thomas L. Cubbage                                   SALLY QUILLIAN YATES
Thomas L. Cubbage III (*p.h.v.*)                    UNITED STATES ATTORNEY
COVINGTON & BURLING LLP
1201 Pennsylvania Ave., N.W.                         *s/ R. David Powell*
Washington, DC 20004                                    R. David Powell
(202) 662-6000                                              Assistant United States Attorney
                                                                    Georgia Bar No. 586450
                                                                    600 Richard Russell Building
                                                                    75 Spring Street, Sw
                                                                    Atlanta, GA 30303
                                                                    (404) 581-6000
                                                                    (404) 581-6150 (Facsimile)