IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN DOE, | : |
| Plaintiff, | : CIVIL ACTION NO. 1:07-CV-2764-RWS |
| v. | : |
| RICK STOVER, in his official capacity, and FEDERAL BUREAU OF PRISONS DIRECTOR HARLEY LAPPIN, in his official capacity, | : |
| Defendants. | : |

## ATTACHMENT C TO PRE-TRIAL ORDER
## PLAINTIFF'S OUTLINE OF THE CASE

This is a civil rights action seeking injunctive relief for a prisoner in the custody of the United States Federal Bureau of Prisons ("BOP"). Plaintiff John Doe alleges that Defendants (BOP employees sued in their official capacities) have violated and continue to violate his rights under the Eighth Amendment to the United States Constitution through deliberate indifference to a known and serious risk of harm to him.

Defendant Lappin is the Director of BOP. He and his successors in office have been and will be ultimately responsible for BOP activities, including the incarceration of Plaintiff. Defendant Lappin and his successors in office may

be accountable to a court for compliance with an order to enjoin constitutional violations by the BOP in respect of Plaintiff.  Defendant Stover is an official in the DSCC, a BOP office responsible for assigning inmates to prison facilities.  Defendant Stover and his colleagues in the DSCC have repeatedly assigned Plaintiff to high security BOP facilities despite DSCC's possession and Defendant Stover's subjective awareness of records and information indicating the severe risk to Plaintiff in such facilities.  Defendant Stover, those in privity with him in the DSCC, and their successors in office may be accountable to a court for compliance with an order to enjoin constitutional violations by the DSCC in respect of Plaintiff.

In February 2004, Plaintiff, who was incarcerated at United States Penitentiary ("USP") Atlanta at the time, "wore a wire" and cooperated in the investigation of an officer there.  As a result of this cooperation, Plaintiff has been labeled a "snitch" and targeted for assault.  Plaintiff's status as a snitch is known throughout the BOP's high-security facilities.

After Plaintiff's cooperation in the investigation, and consistent with promises made to him by investigators, the BOP sent Plaintiff to a medium-security federal prison.  Several months later, however, in August 2004, the BOP redesignated Plaintiff to USP Coleman, a high-security federal prison.  When

Plaintiff filed a grievance regarding his placement in this high-security facility, he was placed in a cell with violent inmates who assaulted him.

Warden Tracy W. Johns of USP Coleman recommended that Plaintiff be transferred to a medium-security facility. The BOP, however, redesignated Plaintiff to USP Florence, another high-security facility. Further, Plaintiff was returned to USP Atlanta during his transfer to USP Florence, despite the known risks to his safety at USP Atlanta. At USP Florence Plaintiff was immediately threatened by other inmates. Staff there investigated these threats and determined that Plaintiff's status as a snitch was known to other inmates and that he was at great risk of assault as a result.

The BOP next redesignated Plaintiff to USP Victorville, another high-security BOP facility. Again, Plaintiff was threatened by other inmates because of his snitch status. An investigation at USP Victorville again confirmed that Plaintiff was at great risk of assault because of his status as a snitch. Warden J. L. Norwood of USP Victorville recommended that Plaintiff be transferred to any medium-security facility. The BOP, however, redesignated Plaintiff to USP Big Sandy, a high-security facility. On his way to USP Big Sandy, Plaintiff was again housed at USP Atlanta.At USP Atlanta, he was assaulted by a BOP officer in retaliation for his cooperation in the February 2004 investigation.

Plaintiff continued to receive threats upon his arrival at USP Big Sandy. When he was there, USP Big Sandy Warden H. A. Rios recommended that Plaintiff be sent to a medium-security facility. Instead, however, the BOP sent Plaintiff to USP Lewisburg, another high-security facility. Plaintiff continued to receive threats at USP Lewisburg because he was viewed as a snitch. The warden of USP Lewisburg, B. A. Bledsoe, recommended that Plaintiff be transferred to FCI Schuylkill, a medium-security facility. Instead, however, the BOP redesignated Plaintiff to USP McCreary, another high-security facility. At USP McCreary, Plaintiff was again assaulted by an inmate who considered him to be a snitch. The BOP then redesignated Plaintiff to USP Terre Haute, another high-security facility, where he was again assaulted based on his status as a snitch. Plaintiff is currently housed in USP Coleman, a high-security facility, where he continues to face a constant risk of assault by persons who consider him to be a snitch.

Plaintiff alleges that Defendants, in their official capacities, have exhibited deliberate indifference to a serious risk of harm to Plaintiff by causing him or allowing him to be sent to USP Atlanta when there was a known risk of harm to him there; and also by continually placing him in high-security BOP facilities where it is known that he is at serious risk of violent reprisal from persons aware of his involvement in the investigation of the BOP officer. Plaintiff seeks

4

narrowly tailored relief in the form of an order enjoining Defendants in their official capacities, including their successors in office, from sending him to or through the BOP facility in Atlanta and requiring Defendants to designate him to a prison where he can be kept safe, namely a medium-security BOP facility, a state facility, or a witness protection program.

## Relevant Legal Authority

U.S. Const. amend. VIII

28 U.S.C. § 1331

*Farmer v. Brennan,* 511 U.S. 825 (1994)

*Helling v. McKinney*, 509 U.S. 25 (1993)

*Benefield v. McDowall*, 241 F.3d 1267 (10th Cir. 2001)

*Carter v. Galloway,* 352 F.3d 1346 (11th Cir. 2003)

*Gullatte v. Potts*, 654 F.2d 1007 (5th Cir. Aug. 31, 1981)

*Hamilton v. Leavy,* 117 F.3d 742 (3d Cir. 1997)

*Knox Hill Tenant Council v. Washington*, 448 F.2d 1045 (D.C. Cir. 1971)

*Longoria v. Texas,* 473 F.3d 586 (5th Cir. 2006)

*Saine v. Hospital Authority of Hall County*, 502 F.2d 1033 (5th Cir. 1974)

*Thomas v. Bryant*, 614 F.3d 1288 (11th Cir. 2010)