# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| JOHN DOE, : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No. |
| : | 1:07-cv-2764-R WS |
| OFFICER WOOTEN, in his individual : | |
| capacity, et al : | |
| : | |
| Defendant. : | |
| : | |

## NOTICE OF APPEAL

Notice is hereby given that plaintiff John Doe hereby appeals to the United States Court of Appeals for the Eleventh Circuit from the following judgments and orders:

1. The Order on November 16, 2012, granting Defendants' Motion to Dismiss.

2. The Judgment entered on November 16, 2012 dismissing the action.

This Notice is filed within 60 days of the District Court's final judgment dismissing the remaining claims in the suit.  See Fed. R. App. P.4(a)(1)(B).

Provided with this Notice of Appeal is payment of the filing fee ($5.00) and the docketing fee ($450.00) as required by 28 U.S.C. §§ 1913, 1915, and 1917 and the Federal Rule of Appellate Procedure 3(e).

Dated:    January 15, 2013

                                        Respectfully submitted,

                                        */s/ David L. Balser*
                                        David L. Balser

                                        David L. Balser
                                        Georgia Bar No. 035835
                                        King & Spalding LLP
                                        1180 Peachtree Street NE
                                        Atlanta, GA 30309
                                        (404) 572-2782

                                        Philip Fornaci*
                                        D.C. Prisoners' Project
                                        Washington Lawyers' Committee for
                                        Civil Rights & Urban Affairs
                                        11 Dupont Circle, Suite 400
                                        Washington, DC 20036
                                        (202) 319-1000
                                        *member of the D.C. Bar; request for
                                        admission pro hac vice pending

-3-

## CERTIFICATE OF SERVICE

     This is to certify that I have on this day served all the parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF") which was generated as a result of electronic filing.

Submitted this 15th day of January, 2013.

    Respectfully submitted,

                                                    */s/ David L. Balser*
                                                    David L. Balser

                                                    David L. Balser
                                                    Georgia Bar No. 035835
                                                    King & Spalding LLP
                                                    1180 Peachtree Street NE
                                                    Atlanta, GA 30309
                                                    (404) 572-2782

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>RICK STOVER, in his official capacity, and<br>CHARLES SAMUELS, JR., in his official capacity,<br><br>　　　　　　Defendants. | CIVIL ACTION FILE<br><br>NO. 1:07-cv-2764-RWS |

## J U D G M E N T

This action having come before the court, Honorable Richard W. Story, United States District Judge, for consideration of defendant's motion to dismiss, and the court having granted said motion, it is

**Ordered and Adjudged** that this action is hereby **dismissed**.

Dated at Atlanta, Georgia, this 16th day of November, 2012.

　　　　　　　　　　　　　　　　　　　　JAMES N. HATTEN

　　　　　　　　　　　　　　　　　By:　s/Barbara D. Boyle
　　　　　　　　　　　　　　　　　　　　Deputy Clerk

Prepared, Filed, and Entered
in the Clerk's Office
　November 16, 2012
James N. Hatten
Clerk of Court
By: s/B. D. Boyle
　　　Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN DOE, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:07-CV-2764-RWS |
| RICK STOVER, in his official : | |
| capacity, and : | |
| CHARLES SAMUELS, JR., in his : | |
| official capacity, : | |
| : | |
| Defendants. : | |

## ORDER

This case comes before the Court on Rick Stover's and Charles Samuels'[1] ("Defendants") Motion to Dismiss [146]. After reviewing the record, the Court enters the following Order.

**Background**

I.  Factual Background

In February 2004, John Doe ("Plaintiff") assisted authorities in the

---

[1] Charles E. Samuels, Jr. is sued in his official capacity as Director of the Bureau of Prisons ("BOP"). The case initially named Harley Lappin as Director of the BOP. Plaintiff has substituted Defendant Samuels as Mr. Lappin's successor under Federal Rule of Civil Procedure ("Rule") 25(d).

1

investigation of an officer at the United States Penitentiary ("USP") Atlanta.[2] At the time, Plaintiff was an inmate at the USP Atlanta facility. The officer under investigation had coerced Plaintiff into sexual relations. Plaintiff agreed to wear a concealed recording device and engage the officer in a discussion about their previous sexual encounters. In exchange, federal investigators promised Plaintiff that he would be kept safe and would be transferred from USP Atlanta to a lower security prison.

Following his participation in the investigation, Plaintiff was transferred to several different BOP facilities. When he arrived at USP Coleman in July 2004, Plaintiff filed a confidential grievance detailing his situation and challenging his transfer to a high-security facility. His grievance was denied, but the BOP sent its response through standard prison mail, not through confidential channels. Consequently, staff at USP Coleman were able to read Plaintiff's grievance and the BOP's response. Shortly thereafter, guards transferred Plaintiff into a cell with two known sexual predators who severely beat and sexually assaulted Plaintiff. Plaintiff was hospitalized and then moved to a special housing unit at USP Coleman for twelve months. In January 2006, Plaintiff was transferred to USP

---

[2] The factual background is taken from Plaintiff's Verified Complaint ("Comp.") [1]. The facts are taken as true for purposes of considering this motion.

Florence in Colorado, another high-security BOP facility. The Lieutenant at the facility told Plaintiff that word had gotten around about what Plaintiff "did in Atlanta," and Plaintiff was placed in a special housing unit for the duration of his time at USP Florence. From there, Plaintiff was again transferred to multiple BOP facilities.

In November 2006, Plaintiff was moved from FTC Oklahoma City to USP Atlanta, despite explicit instructions in his BOP file that he should not be transferred through Atlanta. When Plaintiff arrived at USP Atlanta, he was assaulted by an officer who said, "I don't like what you did to my friend Willie Fisher." Eventually, another officer stopped the assault. The officer who assaulted Plaintiff then said, "What you did was fu[ ]ed up. I hope you die." Plaintiff was placed in protective custody at USP Atlanta until he was transferred to USP Big Sandy, another BOP high-security facility. At USP Big Sandy, Plaintiff was attacked again. Plaintiff's attacker referred to "what [Plaintiff] did in Atlanta" and told Plaintiff not to expect protection because the guards hated him for cooperating in the investigation of another officer.

II.    Procedural Background

Plaintiff filed suit in 2007 naming a number of defendants in their official and individual capacities. This Court entered an Order against Plaintiff and

3

Plaintiff appealed.  On appeal, the Eleventh Circuit reversed dismissal of Plaintiff's claims against Defendants Lappin (now Samuels) and Stover in their official capacity.  The appeals court identified Plaintiff's claims against these defendants as Eighth Amendment claims for failing to protect Plaintiff from retaliation for his participation in the investigation at USP Atlanta.  (Memorandum in Support of Defendants' Motion to Dismiss on Grounds that Plaintiff's Claims are Now Moot ("Def.s' MTD Memo."), Dkt. [146-1] at 2.)  The appeals court found that injunctive relief may be available against a federal officer acting in his official capacity when the officer acts beyond statutory or constitutional limitations, and that the Eighth Amendment violations alleged by Plaintiff may, if proved, warrant injunctive relief.  (Id.)  Because this Court had found that Plaintiff failed to allege acts that could be enjoined, the Court of Appeals vacated the judgment in favor of these two defendants (in their official capacity) and remanded with instructions.  (Id.)

On remand, the appeals court directed this Court to address two issues: (1) whether Plaintiff had exhausted administrative remedies against the remaining defendants in their official capacity, and (2) whether the injunctive relief sought by Plaintiff would "work an intolerable burden on government functions, outweighing any consideration of private harm."  (Order, Dkt. [123] at 1-2.)  The parties

submitted supplemental briefs on these issues and this Court determined that Plaintiff had met the exhaustion requirements on his claims and that "the requested injunctive relief did not pose an intolerable burden on government functions outweighing the private harm alleged by Plaintiff." (Id. at 8, 13.) However, this Court also noted, it "does not intend to 'micro manage' the BOP's authority to place inmates in facilities most commensurate with their security needs." (Id.)

The case was then set for trial to determine whether Plaintiff was entitled to injunctive relief. The relief sought by Plaintiff in his Complaint is: (1) "A judgment permanently enjoining Defendants from transporting Mr. Doe to or through any BOP facility in Atlanta," and (2) "A judgment enjoining Defendants from incarcerating Mr. Doe in a high security BOP facility and requiring the transfer of Mr. Doe to an appropriate and safe housing placement such as a medium or low security BOP facility or a state correctional facility." (Comp., Dkt. [1] at 18.) On April 10, 2012, the day before a scheduled pretrial conference, Defendants filed this motion to dismiss Plaintiff's claims as moot because Defendants had voluntarily provided the relief Plaintiff sought. (Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss ("Pl.'s Resp., Dkt. [157], at 4.)

5

**Discussion**

I.     Mootness Doctrine

Defendants move to dismiss Plaintiff's remaining claims under Article III of the United States Constitution and Federal Rule of Civil Procedure 12(h)(3).[3] Under Article III, federal courts may only hear live "cases" and "controversies." U.S. Const. Art. III, § 2.  "The doctrine of mootness derives directly from the case-or-controversy limitation because an action that is moot cannot be characterized as an active case or controversy." Troiano v. Supervisor of Elections in Palm Beach Cnty., Fl., 382 F.3d 1276, 1282 (11th Cir. 2004.)  "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed.  Indeed, dismissal is required because mootness is jurisdictional." Id.

However, "[t]he doctrine of voluntary cessation provides an important exception to the general rule of mootness." Jacksonville Prop. Rights Assoc. v. City of Jacksonville, Fl., 635 F.3d 1266, 1274 (11th Cir. 2011) (quoting Troiano, 382 F.3d at 1282) (internal quotations marks omitted).  "It is well settled that 'a defendant's voluntary cessation of a challenged practice does not deprive a federal

---

[3] Under Rule 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

6

court of its power to determine the legality of the practice.'" Id. (quoting Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 189 (2000)). Therefore, "the voluntary cessation of challenged conduct will only moot a claim when there is no 'reasonable expectation' that the accused litigant will resume the conduct after the lawsuit is dismissed." Id. (citing Jews for Jesus, Inc. v. Hillsborough Cnty. Aviation Auth., 162 F.3d 627, 629 (11th Cir. 1998)).

Generally, the party asserting mootness "bears the 'heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again.'" Id. (quoting Laidlaw, 528 U.S. at 189). But "government actor[s enjoy] a rebuttable presumption that the objectionable behavior will *not* recur." Id. (quoting Troiano, 382 F.3d at 1283). Consequently, "the Supreme Court has held almost uniformly that voluntary cessation [by a government defendant] moots the claim." Id. (quoting Beta Upsilon Chi Upsilon Chapter v. Machen, 586 F.3d 908, 917 (11th Cir. 2009)). And the Eleventh Circuit has "consistently held" that, "in the absence of some reasonable basis to believe that the policy will be reinstated if the suit is terminated," voluntary cessation by a government actor will moot a claim. Id. at 1274-75.

II.  Defendants' Motion to Dismiss Claims as Moot

Defendants argue that Plaintiff has received the injunctive relief he sought,

7

and therefore his claims should be dismissed for mootness and lack of jurisdiction. (See generally Def.s' MTD Memo, Dkt. [146-1].) In a sworn affidavit, Jose A. Santana, Chief of the Designation and Sentence Computation Center, declared that the BOP has taken "reasonable steps" to prevent Plaintiff from being transferred to or through USP Atlanta. (Declaration of Jose A. Santana, Dkt. [146-2] ¶ 3.) Specifically, the BOP made an entry, with a "do not erase" notation, in the SENTRY computer system that Plaintiff was not to be transported through or assigned to USP Atlanta. (Id.) Mr. Santana declared that he is "responsible for the supervision of coordinating inmate transportation" and that the SENTRY information is forwarded to the appropriate authorities whenever BOP requests transport of a prisoner. (Id. ¶¶ 2-3.) Additionally, Mr. Santana swore that Plaintiff was approved for placement in a state department of corrections facility and that arrangements were being made for his transfer as soon as practicable.[4] (Id. ¶ 4.)

Plaintiff argues that Defendants have not met the "stringent" standard for establishing mootness and therefore, "Plaintiff should be allowed to seek the entry

---

[4] Defendants submitted another affidavit on June 28, 2012 with the sworn declaration of Charles W. Brown, Residential Reentry Specialist for the Denver Community Corrections Office. (Declaration of Charles W. Brown, Dkt. [149-1].) Mr. Brown, who manages inmates assigned to Denver Community Corrections, confirmed that Plaintiff was admitted to the Colorado Department of Corrections on April 25, 2012 and arrived at the Colorado State Penitentiary on April 27, 2012. (Id. ¶ 5.)

of appropriate judicial relief." (Pl.'s Resp., Dkt. [157] at 11.)  In support of his position, Plaintiff relies heavily on <u>Friends of Earth, Inc. v. Laidlaw Envtl. Servs.</u>, 528 U.S. 167 (2000), and cases from other jurisdictions where voluntary cessation of a challenged policy by government officials did not establish mootness. (See <u>id.</u> at 5-8.)  The Court finds Plaintiff's arguments and authority unpersuasive. <u>Laidlaw</u> involves a *private* defendant, which entails a different standard for mootness via voluntary cessation.  And the cases cited by Plaintiff from other jurisdictions do not follow this jurisdiction's rule regarding voluntary cessation by government actors and are not binding on this Court.

Plaintiff asserts that Defendants have failed to provide evidence or assurances that Plaintiff will not be returned to a high-security BOP facility. Plaintiff points to the timing of Defendants' motion and a BOP Program Statement[5] as indications that BOP's actions regarding Plaintiff will be reversed if this litigation is dismissed. (Pl.'s Resp., Dkt. [157] at 8-10.)  Further, Plaintiff claims that the affidavits provided by Defendants do not "purport[] to ensure that Plaintiff will not be returned to a high-security BOP facility in the future." (<u>Id.</u> at

---

[5] The policy requires BOP officials to "review the case every two years beginning from the date of the inmate's arrival to determine whether the inmate is still appropriate for state placement ...."  Then, "[the BOP designation office] will make a determination for continued state placement or return to Bureau custody."

10.)  All of this, Plaintiff contends, "supports the inference that the pendency of litigation motivated the voluntary cessation of Defendants' unlawful behavior – and gives rise to legitimate concern that the absence of judicial oversight could lead to its resumption."  (Id. at 11.)

But Plaintiff's "concerns" about resumption of challenged practices by Defendants does not satisfy the standard in this jurisdiction.  Plaintiff fails to acknowledge the rebuttable presumption under our case law that challenged practices of government actors will *not* recur.  An assertion of mootness involving government actors will only be rejected "where there is a substantial likelihood that the offending policy will be reinstated if the suit it terminated."  Troiano, 382 F.3d at 1283-84.  The Court finds no substantial likelihood of recurrence here.

The BOP has made a permanent note in Plaintiff's records that he is not to be transferred to or through USP Atlanta.  Plaintiff has been relocated to a state prison in Colorado.  Even though BOP policy dictates that an officer review Plaintiff's placement occasionally, Defendants have not shown a substantial likelihood that Plaintiff will be returned to a high-security BOP facility following those reviews.  As stated in this Court's previous Order, we will not micro manage the BOP's authority to place inmates in appropriate facilities.  Further, Plaintiff's own Complaint contains alternate prayers for relief regarding prison placement,

10

including state correctional facilities or medium- or low-security BOP facilities. (Comp., Dkt. [1] at 18.)  The timing of Defendants' motion also does not give rise to a substantial likelihood that the BOP will reverse course.  As Jose Santana's declaration indicates, it took time to make arrangements for Plaintiff's transfer to a state correctional facility.  Defendants appear to have filed their motion soon after an agreement was reached between the state and the BOP.  (See Declaration of Jose A. Santana, Dkt. [146-2] ¶ 4.)

Therefore, Plaintiff has failed to overcome the presumption that Defendants' challenged practices will not resume and Defendants' motion to dismiss Plaintiff's claims as moot is **GRANTED.**

## Conclusion

Based on the foregoing, Defendants' Motion to Dismiss [146] is **GRANTED.**

**SO ORDERED**, this   15th   day of November, 2012.

_____
**RICHARD W. STORY**
United States District Judge

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

January 28, 2013

David L. Balser
King & Spalding, LLP
1180 PEACHTREE ST NE
STE 1700
ATLANTA, GA 30309-3521

Philip Fornaci
Washington Lawyers' Committee for Civil Rights & Urban Affairs
D.C. Prisoners Project
11 DUPONT CIR STE 400
WASHINGTON, DC 20036

Appeal Number: 13-10280-D
Case Style: John Doe v. Rick Stover, et al
District Court Docket No: 1:07-cv-02764-RWS

The referenced case has been docketed in this court. Please use the appellate docket number noted above when making inquiries.

Attorneys who wish to participate in this appeal must be properly admitted either to the bar of this court or for this particular proceeding pursuant to 11th Cir. R. 46-1. An attorney not yet properly admitted must file an appropriate application for admission within fourteen (14) days from this date. In addition, all attorneys (except court-appointed counsel) who wish to participate in this appeal must complete and return an appearance form within fourteen (14) days. Application for Admission to the Bar and Appearance of Counsel Form are available on the Internet at www.ca11.uscourts.gov. The clerk may not accept motions or other filings from an attorney until that attorney files an appearance form. See 11th Cir. R. 46-5.

We have not yet received the Certificate of Interested Persons and Corporate Disclosure Statement (CIP) required by FRAP 26.1 and the accompanying circuit rules. The rules provide that the certificate must be filed by every appellant [and cross-appellant] with this court within 14 days after the date the appeal is docketed in this court, or along with the filing in this court by any party of any motion, petition, or pleading, whichever occurs first. The rules further provide that on the same day a paper certificate is served, the party filing it must also complete the court's web-based certificate at the "Electronic Filing" link of the court's website, www.ca11.uscourts.gov, by electronically providing the information required for that form. Only

the ticker symbols for publicly traded corporations that are listed on the paper CIP must be entered in the web-based system. If your CIP does not include any publicly traded corporations, you are required to go to the website and simply click the button indicating that you have no publicly traded corporations to report. Pro se parties are **not required or authorized** to complete the web-based certificate.

You are hereby notified that the clerk is not authorized to submit to the court any brief (except for the reply brief of an appellant or cross-appellant), petition, answer, motion or response that does not contain the certificate, but may receive and retain the papers pending supplementation of the papers with the required certificate. You are also hereby notified that failure to submit the required certificate will result in your document(s) being returned unfiled which may ultimately result in dismissal of your appeal.

Pursuant to Eleventh Circuit Rule 42-1(b) you are hereby notified that upon expiration of (14) days from this date, this appeal will be dismissed by the clerk without further notice unless the default(s) noted below have been corrected:

File a Transcript Order Form, as required by Fed.R.App.P. 10(b)(1); a Transcript Information Form is available from the district court clerk. Appellant is required to file and serve copies of the form in accordance with the instructions included on the form. UNLESS A TRANSCRIPT IS ORDERED, APPELLANT'S BRIEF MUST BE SERVED AND FILED WITHIN 40 DAYS FROM JANUARY 22, 2013. See 11th Cir. R. 12-1 and 31-1.

Sincerely,

JOHN LEY, Clerk of Court

Reply to:  Deborah H. Hall, D / cpm
Phone #:  (404) 335-6189

DKT-2 Appeal WITH Deficiency